TRUMAN E. ANDREWS *et al.*

*v.*

CONTENT F. ANDREWS *et al.*

*Filed at Mt. Vernon June 13, 1884.*

1. WILL—*devise as violating the rule against perpetuities—and in what cases that rule applies.* A devise of land to certain tenants for life, with remainder over to another, which prohibits the sale of the property for twenty-five years after the death of the last tenant for life, would seem to fall within the rule against perpetuities, if the devise is not to charitable uses.

2. CHARITABLE USES—PERPETUITIES—*exception under the rule—the statute of 43d Eliz.* The statute of 43d Eliz., chapter 4, is in force in this State, and operates to exclude conveyances and devises for charitable uses from the operation of the rule against perpetuities.

3. That statute embraces schools or institutions of learning, and not only free schools, but other schools, without their instruction being gratuitous; and a devise for the purpose of establishing a school of learning at a certain place, is sufficiently public in its character to be sustained as a public charity.

4. SAME—*what regarded as a public charity—of a devise to a religious society, for church and educational purposes.* A devise of land to a church of a certain city, to sustain the preaching of the gospel in such city by such church, and to advance the educational interests of the church, and authorizing the use of the income of the property to pay any balance of salary due

the minister or pastor of such church, and the surplus to be applied to educational purposes in connection with the church, is not void as being local, and not a public charity, and the object of the devise is sufficiently specific and certain.

5. A devise of a block of land to the Presbyterian church of a certain place, after the expiration of prior life estates, (created by the will in trust for the following uses and purposes: First, to sustain and maintain Presbyterian preaching in such place; and second, to advance and promote, as far as practicable, the educational interests of said church,) authorized the improvement of the block, and prohibited its sale for twenty-five years from the death of the last tenant for life, and empowered the session of the church to use the income, first to pay any balance or part of salary due the minister or pastor of said church, and to apply the surplus to such educational purposes in connection with said church, as they might deem advisable. After fifty years the will authorized the whole, principal and accumulations, to be used in establishing an educational institution, under the control and patronage of said church: *Held,* that the purposes of the devise were within the exception to the rule against perpetuities, and that the uses to which the property was devoted were charitable, and that the devise was valid and binding.

6. SAME—*devise to a charity—whether sufficiently certain.* A testator devised a block of land to a Presbyterian church of a certain place, the land to be improved and kept for a certain number of years, when the proceeds and accumulations might be applied in establishing an institution of learning, and provided that until the period fixed for establishing the institution of learning, the income should be used to pay the minister or pastor of such church any unpaid balance on his salary, and the surplus to be applied, under the directions of the session of the church, to such educational purposes, in connection with the church, as the session might deem advisable: *Held,* that the devise was not too vague and indefinite as to the purpose of the devise, or as to who are the beneficiaries, to be valid, and was capable of being enforced.

7. RELIGIOUS SOCIETY—*limit of capacity to take and hold real estate.* The statute authorizes a church or religious body to acquire and hold not exceeding ten acres of land, without any limit as to value or income. Such bodies are limited as to the quantity of real estate they may hold, but not as to its value.

8. SAME—*as to the vesting of title, in case of a devise to a trustee.* On the incorporation of a church all property held by a trustee for its use, is by the statute vested in the corporate body, to be held and used according to the intention of the grantor or donor.

9. So where a testator devised land to the Presbyterian church of the city of Chester, for charitable uses, expressed and directed the manner of the election of a trustee, in whom the title should vest, it was *held,* that on the death of the testator the title to the land vested in the church as a corporate

body, and that the trustee afterward elected could not become invested with the title. He took only a power (given by the will) to manage, control, sell and convey under the session of the church. Although the fee vested in the corporation, it was subject to the control and power conferred on the trustee by the will.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. J. H. LINDSEY, for the plaintiffs in error:

Any limitation in future, by way of remainder of lands of inheritance, which in its nature tends to perpetuity, although there be a preceding vested estate so as to take it out of the description of an executory devise, is by our courts considered void in its creation. 1 Fearne on Remainders, 502, 429, 430; Perry on Trusts, sec. 736; Washburn on Real Estate, (2d ed.) 224; Lewis on Perpetuities, 14, 162, 389; 2 Jarman on Wills, 462; 4 Kent's Com. 263; 2 Redfield on Wills, 653.

As a devise in trust the sixth clause is void, because the beneficiaries are not, with definiteness and positive certainty, pointed out. Perry on Trusts, sec. 116; *Malin* v. *Keighley,* 2 Ves. 335; 2 Story's Eq. Jur. sec. 979 a b, sec. 1071; *Wheeler* v. *Smith,* 9 How. 55.

It is also void for uncertainty as to the object of the devise. 1 Jarman on Wills, 316; *Taylor* v. *Kief et al.* 2 Bradw. 368.

It is not required that the institution that might be established under the direction of the session shall be a charitable one. Whether such a school shall be established is a matter of discretion, and this renders it void. *Williams* v. *Kershaw,* 5 Cl. & Fin. 111; *Kindall* v. *Granger,* 5 Beav. 300; *West* v. *Shuttleworth,* 2 M. & K. 684; *Lapage* v. *McNamara,* 5 Iowa, 124.

There is a wide distinction between a gift to charity and a gift to a trustee, to be by him applied to charity. *Wheeler* v. *Smith,* 9 How. 55; *Brown* v. *Yell,* 7 Ves. 50.

Mr. A. D. DUFF, also, for the plaintiffs in error:

The statute of 1872 puts an end to churches further hold-
ing any kind of property through trustees, by executing trusts
and vesting the title in the corporation,—hence no such trust
as is attempted to be created by this will can exist under our
law, and if the trust fails the devise is void.   As a charitable
devise it is void for uncertainty as to use.

Pious and religious purposes do not necessarily mean chari-
table purposes.   *Heath* v. *Chapman,* 2 Drew, 417.

A charity is a gift to a general public use.   *Jones* v. *Wil-
liams,* Ambler, 652; *Coggshall* v. *Pelton,* 7 Johns. Ch. 294;
*Purvine* v. *Cary,* 24 How. 506.

A devise "for the establishment of a school at M., for
the instruction of children," was held void for uncertainty,
because, as the court say, it might be a private school, and
therefore no public charity.   *Attorney General* v. *Soule,* 28
Mich. 153.

There is a marked absence, throughout this devise, of any
word tending to connect it with a public or general benefit
or use.   To make it a public charity there must appear to
be some benefit to be conferred upon, or a duty to be per-
formed towards, either the public or an indefinite class
thereof.   *Old South Society* v. *Crocker,* 119 Mass. 1.

A gift "to the M. A. M. society, to preach the gospel to the
poor," was held void for uncertainty.   *Owens* v. *M. Society,*
14 N. Y. 380.

A bequest "for the relief and support of the poor and indi-
gent who may from time to time reside in the twelfth ward
of the city," was held too indefinite, and therefore void.
*Wilderman* v. *Mayor,* 8 Md. 551.

A bequest "for the purpose of founding a college in Liberia,
to be applied by the executors as would, in their judgment,
best effect the object, wishing them specially to have in view
the establishment of a theological department in said college,
to be under the supervision of the Union Theological Semi-

nary in the city of New York," was held too indefinite, and therefore void. *Phelps' Exr.* v. *Phelps*, 28 Barb. 121; *Phelps* v. *Pond*, 23 N. Y. 69.

This devise seems to be rather a private charity. *Phelps* v. *Aldridge*, 4 T. R. 264; *Toone* v. *Copestake*, 6 East, 328; *Lapage* v. *McNamara*, 5 Iowa, 146.

These trusts will be sustained only when their purposes are so clearly expressed that a court of chancery itself can execute them should the trustee refuse. *Nash* v. *Morely*, 5 Beav. 192; 1 Jarman on Wills, 407.

All attempts to restrain the free transfer of real estate for more than twenty-one years and nine months after the life or lives of parties then in being, are null and void. 2 Blackstone's Com. *173; *Brattle Square Church* v. *Grant*, 3 Gray, 142; 4 Kent's Com. *266, 267.

By this limitation of twenty-five years the entire devise is rendered void. Williams on Real Prop. *293–295; *Irving* v. *DeKay*, 9 Paige, 521; *Matter of Thomas' estate*, 1 Tuck. 367; *Newman* v. *Newman*, 10 Sim. 51.

The devise does not fall within the exception in favor of charitable uses. Fonblanque's Equity, 459, note; 1 Bacon's Abridgment, p. 364, title "Charitable Uses."

Mr. W. J. ALLEN, also, for the plaintiffs in error.

Messrs. HARTZELL & SIMPSON, for the defendants in error:

The devise being for charitable purposes is not void for uncertainty. The authorities cited by plaintiffs in error upon the doctrine of perpetuities apply exclusively to uses not charitable, and for private purposes only.

In addition to the objects named in the statute of Elizabeth, many other objects have been decided to be charitable, though not in its letter, but as falling within the spirit of the statute. Bispham's Equity, secs. 119, 122, 133; *Jackson* v. *Phillips*, 14 Allen, 556.

A charitable use is not subject to the ordinary rules in regard to perpetuities. Bispham's Equity, sec. 133; 2 Perry on Trusts, secs. 701, 737; *Franklin* v. *Aunfield*, 2 Sneed, 305; *Perrin* v. *Carey*, 24 How. 465; *Dartmouth College* v. *Woodward*, 4 Wheat. 641; *Heuser et al.* v. *Harris et al.* 42 Ill. 425.

Mr. H. CLAY HORNER, also, for the defendants in error:

That the uses of the devise in this case are charitable, and are expressed with sufficient certainty and definiteness, we cite *Trustees* v. *Beatty*, 28 N. J. Eq. 575; *Williams* v. *Williams*, 4 Seld. 525; *Townsend* v. *Carnes*, 3 Hare, 257; *Camp* v. *Dobbins*, 29 N. J. Eq. 36; *Jackson* v. *Phillips*, 14 Allen, 556; *Attorney General* v. *Jolly*, 2 Strobh. 379; 2 Pomeroy's Eq. Jur. sec. 1021, and note; Perry on Trusts, sec. 701, and note; *Price* v. *Maxwell*, 28 Pa. St. 33.

That the clause of the devise, "or to any other of the charitable or religious objects of said church," is not too uncertain, see *Thompson* v. *Norris*, 20 N. J. Eq. 553; *Wilkinson* v. *Lindgren*, 5 L. R. Ch. App. 570; *Jemmit* v. *Verrill*, Ambler, 585; Boyle on Charities, 225-230; *Phelps* v. *Phelps*, 25 Barb. 121; *Owens* v. *M. Society*, 14 N. Y. 380; *Nash* v. *Morely*, 5 Beav. 182.

Mr. J. PERRY JOHNSON, also, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The contest in this case grows out of the sixth clause of the will of Amzie Andrews, deceased. The substantial part of the clause is this:

"I do hereby give, devise and bequeath unto the First Presbyterian Church of Chester, (now in connection with the Old School General Assembly,) all of block A, in the city of Chester, county of Randolph, and State of Illinois, * * *

after the expiration of the life estates herein created,   *   *   * in trust, however, for the uses and purposes following, and subject to the following restrictions, that is to say: First, to sustain and maintain (old school) Presbyterian preaching in said city of Chester, Illinois; and secondly, to advance and promote, as far as practicable, the educational interests of said First Presbyterian Church of Chester, Illinois. And for the better carrying out of the objects of said trust, it is my will," etc. The testator authorizes the improvement of the block, and prohibits the sale of the same for twenty-five years from the death of the life tenants, and directs the manner of the election of a trustee after the death of the life tenants, in whom the title shall vest, and then provides for the collecting of the income, and for the management of the real estate during the twenty-five years. "And the session of the   *   *   * church are hereby especially intrusted with the management and control of the income,   *   *   * and are empowered and entrusted to use the income,   *   *   * first, to pay any balance or part of salary due the minister or pastor of said church; and secondly, if any surplus shall remain, may apply the same to such educational purposes, in connection with said church, as they may deem advisable." After the expiration of the twenty-five years a sale is authorized, the proceeds to be invested and income used for the purposes "hereinbefore mentioned," for twenty-five years additional. After the expiration of fifty years the whole of the principal and accumulations may be used "in the establishment of an educational institution under the control and patronage of the church in Chester,   *   *   * or they may keep the same invested as before that time, and use the income   *   *   * in the objects above herein specified, or in any other of the charitable or religious objects of the church, as they may elect or deem advisable."

The testator died in 1876, and a part of his heirs at law filed this bill to have this clause of his will declared void,

as contravening the statutes and public policy of the State. Defendants demurred to the bill, and the demurrer was sustained, and the bill dismissed for want of equity, and complainants bring the record to this court on error.

It is urged that this clause creates an estate in the nature of a perpetuity, which the law prohibits; that the law will not permit estates in land to be tied up longer than for a life or lives in being and twenty-one years, and in case of a posthumous birth, nine months more after the termination of the life estate, and as this clause prohibits the sale of the land for twenty-five years after the death of the last surviving tenant for life, the devise falls within the prohibition of the rule. This would seem to be true, unless it falls within the exceptions in favor of conveyances and devises to charitable uses. In the case of *Heuser* v. *Harris*, 42 Ill. 425, it was held that the statute of 43d Eliz., chapter 4, is in force in this State, and it operates to exclude conveyances and devises for such uses from the operation of the rule against perpetuities. This we regard the law of this jurisdiction. And the rule conforms to the adjudged cases in England under that statute, and those of the various States of the Union where that statute is in force.

It is urged that conceding this rule to be in force, the objects of the trust are not within that statute,—that it only names the repair of churches, but does not name the support of churches, religion, or to pay for preaching any particular religious doctrine, and therefore this clause of the will is not protected by that statute. There are abundant decisions of English courts, as well as of the courts of the various States of the Union, which hold that such purposes, although not expressed in the statute, are within its equity, and hence within its spirit. The case of *Fuller* v. *Griffin*, 3 Vt. 401, involved a gift "to the Methodist Episcopal Church, * * * forever, the interest of which is to be appropriated for the support and payment of the constant preaching of the gospel

in Charlotte, by the ministers of the Methodist Episcopal Church, * * * the principal to be kept whole, forever." The gift was held to be for a charitable use, and was sustained as valid and binding. In that case, as in this, the gift was to the church, and trustees were required to control the fund. To the same effect are the cases of *Trustees* v. *Beatty,* 28 N. J. 570; *De Camp* v. *Dobbins,* 29 N. J. Eq. 36; *Townsend* v. *Carnes,* 3 Hare, 257.

It is urged that the devise is not of public interest, and is local, and therefore is not a public charity, and is not good or valid. The object is no more local than was the devise in the case of *Heuser* v. *Harris,* 42 Ill. 425, and that was held to be a public charity, although the appropriation of the interest on the fund was to a school in a specified township, and the discretion vested in the trustee that he pay any balance or part of salary due the minister or pastor of the church, is specific and certain. There can be no well founded objection to the final disposition of the property in founding an institution of learning to be under the control of the church. The founding of such an institution thus controlled is so clearly within the statute of charitable uses, that we will only refer to a few of the large number of authorities that hold such devises valid. In *Taylor* v. *Trustees,* 34 N. J. Eq. 101, referring to the act of 43d Eliz., it was held that it embraced not only free schools, but schools of learning without the instruction therein being gratuitous. In the case of *Attorney General* v. *Lonsdale,* 1 Sim. 109, it was held that although a school for the education of the sons of gentlemen, is not, in popular language, a charity, yet it is embraced in the act of 43d Eliz. It was there held that all schools were within its provisions. This case is approved by those of *Franklin* v. *Aunfield,* 2 Sneed, 305, and *Price* v. *Maxwell,* 28 Pa. St. 33. The mere term "an educational institution," manifestly implies such an organization as shall teach the usual branches of literature, or some of them, so that nothing pernicious or

injurious to morals or public interest could be taught in such a school, even if there was not a guaranty implied from its being under the control of the church.

But whether or not the charity must be of a public nature, we regard this devise for educational purposes sufficiently specific and public to be sustained as a charity. In *Heuser* v. *Harris, supra,* this court said: "And another principle well established is, that if a bequest be for charity, it matters not how uncertain the persons or the objects may be, or whether the persons who are to take are *in esse* or not, or whether the legatee be a corporation capable, by law, of taking, or not, for in all of these and the like cases the court will sustain the legacy, and give it effect according to its own principles; and where a literal execution becomes inexpedient or impracticable, the court will execute it, as nearly as it can, according to the original purpose, or *cy pres.*" The provision that the income shall, until the period arrives for instituting an institution of learning, be applied to promote and advance the educational interests of the church, under the directions of the session of the church, is not too vague and indefinite to be valid, and is capable of being enforced. The cases to which reference is made sustain devises no more definite.

It is urged that this and like devises are condemned by public policy. We are unable to consider questions of policy where law exists sanctioning such a devise. We have seen the statute of 43d Eliz. is in force in this State, and it authorizes devises to charitable uses, and we have seen that this is a devise to charity. But this question is disposed of in *Heuser* v. *Harris, supra.* It is there held that the policy of the law is not against bequests of the description of this will. There being no statute in this State prohibiting such bequests, is it not a fair inference the law-making power of this State has not regarded them as impolitic? And this has been so held by the English courts, and a number of the

courts of the States of the Union, notwithstanding the common law has never favored, but has held perpetuities void as against public policy. This is manifest from the adjudged cases.

It is also said the statute has limited the quantity of land which may be held by a church to not more than ten acres, and this limitation would prevent a church from holding more than that quantity by direct conveyance or devise, or by conveyance or devise in trust for its use,—that what can not be done directly will not be sanctioned when attempted by indirection. This is probably true, but that question is not presented in this case. There is nothing in the record from which it appears that, even including this block, the church owns more than the authorized quantity. It is not so averred in the bill, and is not admitted by the demurrer. Nor can we presume, in the absence of an admission and of all proof, that the corporation has violated its charter in purchasing more than is limited. It may be that more than ten acres can not be held by direct conveyance or by conveyance to trustees, but that question is not before us for decision, and we decline its discussion.

It is also urged that these bodies, by a fair construction of the statute, in the light of public policy, must be limited in value as well as in quantity. It is a sufficient answer to say the statute has authorized such bodies to acquire and hold not exceeding ten acres of land, without any limit as to value or income. Again, the 41st section of chapter 32 provides, that on the incorporation of a church all property held by a trustee for its use shall vest in the church, and be subject to its control, and may be used, mortgaged, sold or conveyed as if it had been conveyed to such corporation by deed; but such conveyance or mortgage shall not affect or destroy the intention or effect of any grant, devise or donation to such person or trustee for the use of the church, congregation or society. The 42d section empowers the corporation

to hold not exceeding ten acres of land, and build upon and improve it; but such use is limited to the manner expressed in the gift, grant or devise, and if no use or trust be expressed, then for the benefit of the church. Here is a full recognition of the power of the church to have property conveyed or devised to its use, certainly within the limit of ten acres.

The 41st section in express terms vests the title of property held, conveyed or devised to a trustee for the use of the church, in the corporation, but requires it to be held and used according to the intention of the grantor or donor. So on the death of the testator the title to this block vested in the church, as a corporate body. This was a result both of the statute and of this clause of the will. The trustee elected by the church session could not, therefore, become invested with the title, because, under the statute, the title remained in the corporation, notwithstanding the will provided he should, on his election, be invested with the title. He therefore took but a power to manage, control, sell and convey, under the session of the church. This fully answers the objection that there was no person to take the title until the trustee was elected, or, if the corporation took immediately on the death of the testator, the fee could not be afterwards vested in the trustee, as the testator could not vest a fee in the church, and by the same instrument divest it after it was thus vested, and vest it in another. Nor could he limit a fee upon a fee, unless the first fee limited failed for the want of the happening of a specified contingency, which was not the case in this devise, but inasmuch as the statute vests the fee in the corporation, the grantor or devisor can only direct the use and control of the property, which the testator did by this devise. Although the fee in the property vested in the corporation, it was subject to the control and power conferred on the trustee by this clause of the will.

If tested by the rule that to create a trust there must be sufficient language for the purpose, there must be a subject

sufficiently described, and there must be a specific object, this devise must be sustained.  There is not a particle of doubt that the language is sufficient, there is not the shadow of a doubt as to the subject devised, and under the strong, if not uniform, current of decisions of the courts since the enactment of the 43d Eliz., the object is sufficiently specific to require the devise to be executed by a court of equity; and according to the great weight of English and American authority this devise is to charitable uses.

After a most careful consideration of all the questions pressed on our attention, we are unable to say there is any error in this record, and the decree of the court below is affirmed.

*Decree affirmed.*