C. NEWTON DUBS *et al.*

*v.*

ALBERT EGLI *et al.*

*Filed at Ottawa May 11, 1897—Rehearing denied October 12, 1897.*

1. REAL PROPERTY—*upon incorporation of church society property held in trust vests in the corporation.* Upon the incorporation of a church society all property formerly held in trust for its members vests at once, under section 41 of the act on corporations, (Rev. Stat. 1874, p. 292,) in the corporation, and is subject to its control.

2. PARTIES—*when holder of legal title to property is necessary party to suits.* A religious corporation which, under the statute, has become the legal holder of the title to property formerly held in trust for its members, is a necessary party to suits relating thereto.

3. SAME—*omission of necessary party may be taken advantage of on appeal.* An objection that the holder of the legal title to property was not made a party to a chancery proceeding relating thereto may be taken on appeal or writ of error.

4. COLLATERAL ATTACK—*validity of charter of corporation cannot be collaterally attacked.* The validity of the charter of a corporation cannot be attacked in a collateral proceeding.

PHILLIPS, C. J., and CARTWRIGHT and BOGGS, JJ., dissenting.

APPEAL from the Circuit Court of Lake county; the Hon. CLARK W. UPTON, Judge, presiding.

This is a bill filed by the appellees, Albert Egli, a minister of the Evangelical Association of North America, and William Goessele, a presiding elder of that denomination, and certain other persons, who are lay members thereof, suing on their own behalf, and on behalf of all the members of said association, and on behalf of the members of a certain society or congregation of said association, known as the Bethany Church, at Highland Park, in Lake county, Illinois, against the appellants, C. Newton Dubs, also a minister of said denomination, John Schneider, a presiding elder thereof, and certain other persons, praying for an injunction against the defendants, who are in the majority and are in possession of the church property, and their adherents, restraining

them from interfering with Egli and Goessele in the dis-
charge of their duties, and from withholding the books
and records of the church, and that the rights of the par-
ties may be ascertained and declared.   The defendants
filed an answer to the bill and its amendments.   The
defendants also filed a cross-bill, to which the complain-
ants filed an answer.   The cause was referred to a mas-
ter, who made a report recommending that a decree be
entered in accordance with the prayer of the bill.   A
decree was accordingly entered, granting the injunction
as prayed for in the bill, and directing the defendants,
William Tillman, Sr., Silas P. Brand and John Booth, to
convey the premises in question by deed to certain trus-
tees appointed by complainants, and, in default of such
conveyance, that a special master make the same.   The
present appeal is prosecuted from such decree.

PENCE & CARPENTER, for appellants:

In all suits respecting trust property, brought by or
against trustees, the *cestuis que trust* are necessary parties.
Story's Eq. Pl. sec. 207; *Montgomery* v. *Brown,* 2 Gilm. 581;
*Skiles* v. *Switzer*, 11 Ill. 533; *Prentice* v. *Kimball*, 19 id. 319;
*Scanlan* v. *Cobb*, 85 id. 296; *Moore* v. *Munn*, 69 id. 591.

Where necessary parties are omitted in a suit in chan-
cery the court of review will take notice of that fact,
though the point is raised for the first time on appeal.
*Herrington* v. *Hubbard*, 1 Scam. 569; *Spear* v. *Campbell*, 4 id.
427; *Scott* v. *Bennett*, 1 Gilm. 647; *Gerard* v. *Bates*, 124 Ill.
155; *Prentice* v. *Kimball*, 19 id. 320; *Davey* v. *West*, 41 id. 290.

A majority of a voluntary association of individuals
will control the action of the whole body.   The right of
the majority to become incorporated cannot be ques-
tioned.   *Happy* v. *Morton*, 33 Ill. 398; *Henry* v. *Dietrich*, 84
Pa. St. 286; *Keyser* v. *Stansfier*, 6 Ohio, 363.

Where there is an express trust declared there can be
no resulting trust or trust by implication of law.   *Kings-
bury* v. *Burnside*, 58 Ill. 310; *Stevenson* v. *Crapnell*, 114 id. 19.

On a division of a church society on grounds other than ecclesiastical the church property will go with the majority of the society, or in certain cases will be partitioned according to members. *Calkins* v. *Cheney,* 92 Ill. 463; *McBride* v. *Porter,* 17 Iowa, 203; *Amish* v. *Gelhaus,* 71 id. 170; *Keyser* v. *Stansfier,* 6 Ohio, 364; *Presbyterian Congregation* v. *Johnson,* 1 W. & S. 9; *Nichols* v. *Rugg,* 47 Ill. 47; *Ferraria* v *Vasconcellos,* 31 id. 25.

RITCHIE, ESHER & WOOLLEY, for appellees:

In case of a division in a congregation, that faction, however inferior in numbers, which continues to worship and conduct its affairs in accord with the rules and usages of the denomination as the same were in force prior to the division, and which is recognized by the superior authorities of the denomination as the true congregation, will be recognized and treated by the civil courts as the legitimate successor to the name and property rights of the original undivided body. *Ferraria* v. *Vasconcelles,* 23 Ill. 456; *Schnorr's Appeal,* 67 Pa. St. 138; *Sutter* v. *Reformed Dutch Church,* 42 id. 503; *Watson* v. *Jones,* 13 Wall. 723; *Roshi's Appeal,* 69 id. 462; *Den* v. *Pilling,* 4 Zabr. 656; *M. E. Church* v. *Wood,* 5 Ohio, 283.

A mere adherence to the same articles of faith is not sufficient to constitute one a member of a congregation. He must submit himself to the government and rule of the denomination. *Den* v. *Bolton,* 7 Halst. 240; *Brooke* v. *Shacklett,* 13 Gratt. 301; *Hoskinson* v. *Pusey,* 32 id. 431; *Finley* v. *Brent,* 87 Va. 107.

Extrinsic evidence is competent to identify the grantee, as in case of a latent ambiguity. *Gilmore* v. *Stone,* 120 U. S. 586; *Missionary Society* v. *Mead,* 131 Ill. 338; *Aid Society* v. *England,* 106 id. 125; Abbott on Trial Evidence, p. 234, chap. 11; *Trustees* v. *Sturgeon,* 9 Pa. St. 321; *Cossitt* v. *Hobbs,* 56 Ill. 236; *McConnell* v. *Brillhart,* 17 id. 354.

Where the parties interested are numerous and the suit is for an object common to them all, some of the

body may maintain a bill on behalf of themselves and the others; and a bill may also be maintained against a portion of the numerous body of defendants, representing a common interest.   *Smith* v. *Swormstedt*, 16 How. 303.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The present controversy is in relation to the ownership of certain church property, consisting of the church building and the lot on which such building stands, situated in the town of Highland Park, in Lake county. The name of the church is, "The Bethany Church and Society of Highland Park." The complainants and the defendants formerly constituted one society or congregation; but in the spring or summer of 1890, a disagreement arose in the church, and thereupon the complainants, who are in the minority, withdrew from the church peaceably, and thereafter held services under the direction of a minister of their own selection in a hall in the town. The differences, upon which these parties divided, are set forth and explained in the case of *Schweiker* v. *Husser*, 146 Ill. 399, and need not be here further explained. The complainants belong to that party in the Evangelical Association, which adhered to the views of Bishops Esher and Bowman, while the defendants adhered to the views entertained by the followers of Bishop Dubs.

In 1883, certain members of the Evangelical Association, living in or near Highland Park, bought the lot now in controversy, and built a church upon it. At that time the congregation was united, and embraced most of the appellants and appellees who are now divided. The deed to the lot was executed on May 30, 1883, and the granting clause of it is as follows: "Convey and warrant to Silas P. Brand, William Tillman and John Booth, trustees of the Bethany Church of Highland Park, of the city of Highland Park, county of Lake and State of Illinois, the following described real estate," etc.

When the lot was purchased, a question arose as to the manner in which the deed should be executed, and as to the parties to whom it should be executed. The discipline of the church contains the following provision: "In all conveyances of ground for the erection of houses of worship, or upon which they may have been already erected, let the following clause be inserted in the proper place: 'In trust to be occupied, used and maintained as a place of divine worship by the ministry and membership of the Evangelical Association of North America, with power to dispose of and convey the same, subject to the discipline, usages and ministerial appointment of such church or association, as from time to time authorized and declared by the general conference of said association and the annual conference in whose bounds the said premises are situated.'" The Rev. Mr. Forkel, who was then the pastor of the church, desired to have the deed to the property drawn according to this provision of the discipline. It was his idea, that the property should be conveyed in such a way as to be the property of the Evangelical Association of North America, that is to say, of the denomination at large. But members of the church disagreed with the pastor and insisted that the deed should be made in such a way as to keep the property under the control of the local society, that is to say, of the Bethany Church of Highland Park. These members desired the property to belong to the Bethany Church of Highland Park, and not to the denomination at large. One of the reasons given why the property should remain under the control of the local church organization was, that, in case they desired to dispose of it at any time, they could sell it without getting permission of the conference, or of the higher authorities of the church. Accordingly, the lot was conveyed in the manner above stated to three persons, as trustees of the Bethany Church of Highland Park. It will thus be observed, that the deed contains no express declaration

of trust, nor is there any separate written declaration of trust by the trustees.

The proof clearly shows, that the property was to be held for the benefit of the congregation or society, free from the interference and control of the denomination at large. Inasmuch as the property thus belongs to the society or congregation, its ownership will continue in the majority of the society or congregation, when a minority secede and set up a separate organization. This case is thus clearly brought within the doctrine laid down by this court in the case of *Calkins* v. *Cheney*, 92 Ill. 463. It was there held, that property, purchased and conveyed under similar circumstances to those existing here, belongs to the society or congregation in its corporate capacity, not in trust for the benefit of the church at large as a religious denomination, but independent of it, and not subject to the control of any ecclesiastical judicatory. Hence, if the title of the property still remained in the original trustees, to whom it was conveyed, we should be inclined to hold, that the decree was erroneous in directing it to be conveyed to trustees appointed by the appellees, who are in the seceding minority.

The record, however, discloses other facts, which make a reversal of the decree necessary, independently of the considerations heretofore advanced. In October, 1890, after the appellees had left the church and organized a separate society, the appellants, who are in the majority, caused the church or society to be incorporated under the act of 1872, in regard to religious corporations. (1 Starr & Curtis' Stat. p. 621). It is not denied, that, in forming the corporation, all the statutory provisions were complied with. An affidavit was made and recorded as required by section 36 of the Incorporation act. The affidavit shows, that, at a meeting held on October 2, 1890, of the members of the Bethany Church of Highland Park, at Highland Park, for that purpose, five persons were

elected trustees, according to the rules and usages of the church or society; and that such church or society adopted as its corporate name, "The Bethany Church and Society" of Highland Park, Lake county, State of Illinois.

Section 41 provides, that, "upon the incorporation of any congregation, church or society, all real and personal property held by any person or trustees for the use of the members thereof, shall immediately vest in such corporation and be subject to its control, and may be used, mortgaged, sold and conveyed the same as if it had been conveyed to such corporation by deed; but no such conveyance or mortgage shall be made so as to affect or destroy the intent or effect of any grant, devise or donation that may be made to such person or trustee for the use of such congregation, church or society." Hence, when the society was incorporated in October, 1890, the title to the property, which had theretofore been held by the trustees to whom it had been conveyed, thereupon immediately vested in the corporation, to-wit: "The Bethany Church and Society."

In *Happy* v. *Morton*, 33 Ill. 398, we said: "An organization under the statute by a majority of a society operates as a transfer of the rights and interests of the individual members to the corporation thereby created." Here, the majority of the congregation, remaining in possession of the church property, formed the incorporation under the statute.

In *Andrews* v. *Andrews*, 110 Ill. 223, we held, that, although the forty-first section of the Incorporation act requires church property to be held and used according to the intention of the grantor or donor, yet that that section, in express terms, vests in the corporation the title to the property held, conveyed or devised to a trustee for the use of the church.

In the present case the bill is fatally defective for the reason, that "The Bethany Church and Society," the

corporation in whom the title is vested, is not a party to the bill. The general rule is, that, in suits respecting the trust property, brought either by or against the trustees, the trustees and the beneficiaries are necessary parties. The trustee is a necessary party, because he holds the legal interest. The beneficiary is a necessary party, because he has the equitable and ultimate interest to be affected by the decree. (Story's Eq. Pl. sec. 207; *Moore* v. *Munn*, 69 Ill. 591; *Prentice* v. *Kimball*, 19 id. 320; *Montgomery* v. *Brown*, 2 Gilm. 581; *Scanlan* v. *Cobb*, 85 Ill. 296). Inasmuch as the church corporation is a necessary party as the holder of the legal title under the statute, the objection may be taken on appeal or on error. We so held in *Gerard* v. *Bates*, 124 Ill. 150.

It is charged in the bill, that the act of incorporating the church was a fraud upon the complainants, because they had no notice of it. As the complainants had seceded from the church and organized a separate society, it may be a question whether they were entitled to notice. But, whether they were entitled to notice or not, or whether the organization of the corporation was defective or not, such questions cannot be here considered. It is well settled, that no inquiry into the validity of the charter can be made in a collateral proceeding. (*Henry* v. *Deitrich*, 84 Pa. St. 286).

For the reasons here stated, the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.          *Reversed and remanded.*

PHILLIPS, C. J., and CARTWRIGHT and BOGGS, JJ.: We concur in the reversal for want of proper parties, but not in what is said in the opinion upon the other branches of the case.