## Christian Peterson v. Matilda Guttormsen.

### Gen. No. 12,739.

1. APPEAL—*from what does not lie.* An appeal does not lie from a decree in a proceeding to set aside a will if such decree is not final.

Bill to set aside will. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Appeal dismissed. Opinion filed March 6, 1906.

JAMES N. TILTON and HENRY J. GIBBS, for appellant.

No appearance for appellee.

The People v. Brenan.

PER CURIAM. The record in this case shows that appellant filed his bill of complaint by which he seeks to set aside and have declared null and void an instrument purporting to be the last will and testament of Christian Peterson, deceased, the father of complainant. The will was admitted to probate. It devises real estate. The record further shows that after answer and replication thereto were filed a jury was impaneled to try the issues and after hearing the evidence adduced returned a verdict as follows: "We the jury find the issues for the defendant." The record then proceeds: "And thereupon the complainant submits to the court his motion for a new trial of this cause, which motion is overruled by the court, whereupon the complainant prays an appeal from the order of this court," etc.

We have examined the record for a final decree in the cause in vain. It does not show a final decree. This appeal must therefore be dismissed.

If, however, the record showed a final decree, the appeal would have to be dismissed for the reason that a freehold is involved, and this court has no jurisdiction. Bice v. Hall, 21 Ill. App., 298; Andrews v. Andrews, 9 Ill. App., 408; Andrews v. Andrews, 110 Ill., 223; Moyer v. Swygart, 21 Ill. App., 498, and same case 125 Ill., 262; Craig v. Southard, 45 Ill. App., 529; Newberry v. Blatchford, 106 Ill., 584.

Appellant may have leave to withdraw the record if he so desires.

*Appeal dismissed.*