Matter of probate of will of Mary A. Gowans.

## In the matter of the probate of the will of Mary A. Gowans, deceased.

1. FREEHOLD—*Appellate Court has no jurisdiction of appeal involving.* Where, in order to determine an appeal, it is necessary that the Appellate Court pass upon the question as to where the fee title to land lies, a freehold is involved and the Appellate Court is without jurisdiction.

Contested claim in court of probate. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, pre-siding. Heard in this court at the February term, 1906. Appeal dismissed. Opinion filed September 14, 1906.

L. D. TURNER, for appellant.

FREELS & JOYCE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Mary A. Gowans, who was the owner of several tracts of real estate in St. Clair county, died on June 19, 1905, and shortly afterwards a petition was presented to the Probate Court of St. Clair county, alleging she had left a last will and testament and asking that the same be admitted to probate. A few days later a cross-petition was filed, asking to have certain deeds made by deceased on the same day she executed her will, and found in a box with the will, declared to be a portion of the will and also admitted to probate. The Probate Court admitted the will to probate, but held that the deeds found with the will were not entitled to probate. On appeal to the Circuit Court substantially the same order was made, and the case has been brought to this court for review.

Upon examination of the record we find that the several tracts of land owned by deceased at the time of her death are attempted to be disposed of both by the will admitted to probate and the deeds; that the deeds make a different disposition of the fee in the lands from that made by the will and that neither said probated will nor the deeds dispose of the fee in the same way it would descend under the statute, in the absence of will or conveyances. A determination of the case involves the question of the ownership of the fee in the lands owned by deceased, and consequently involves a freehold. We, therefore, have no jurisdiction of the subject-matter of this cause, and must of our own mo-

tion dismiss the appeal.   Bice v. Hall, 21 Ill. App. 298;
Andrews v. Andrews, 9 Ill. App. 408; Id., 110 Ill. 223.

Leave will be given to appellant to withdraw the rec-
ord if desired.

*Appeal dismissed.*