(No. 12901.—Decree affirmed.)

ELLA D. JANSEN, Appellant, *vs.* HARRIET A. GODAIR *et al.* Appellees.

*Opinion filed April 21, 1920.*

1. WILLS—*when bequest for perpetual care of burial lot is not invalid.* A bequest of a certain sum to an incorporated cemetery association in trust for the perpetual care of the testator's burial lot is not invalid, as section 19 of the Cemeteries act expressly authorizes such trusts.

2. SAME—*when gift to charity does not violate rule against perpetuities.* Where a testator gives his estate to trustees, who are directed to form a charitable corporation for the purpose of establishing and maintaining a home for the aged who are unable to support themselves, the gift is a present gift to charity though no time for the organization of the corporation is fixed, and as the will creates no contingent interest upon which the gift depends but vests the property in the trustees upon the death of the testator, the gift to charity does not violate the rule against perpetuities. (*Johnson* v. *Preston,* 226 Ill. 447, distinguished.)

3. SAME—*when provision is an option to purchase and not an alternative gift.* Where a will provides that after the payment of certain legacies six-ninths of the residue of the estate shall vest in trustees for a charitable use, a provision that the testator's wife, who is given the other three-ninths, may take, instead, certain real estate at a specific valuation, merely gives the wife an option to purchase the property from the trustees and apply her legacy on the purchase price and is not an alternative gift such as would prevent the gift to charity becoming vested in the trustees upon the death of the testator.

4. SAME—*when estate must be treated as converted into money.* Where a testator directs that his entire estate shall be first converted into money the estate is to be treated as a devise of money and not of land.

5. CHARITIES—*courts of equity favor gifts to charity.* Courts of equity favor gifts to charity and will consider a charity as the substance of the gift, and if the mode pointed out in the conveyance or will for carrying the gift into effect fails, courts of equity will provide another mode by which the charity will take effect.

6. SOLICITORS' FEES—*when heir-at-law is not entitled to solicitors' fees.* Where a testator, after making certain legacies, positively directs that all his estate be converted into money, one-third

of which is given to his wife and the other two-thirds in trust for a charitable use, there is no devise of land, and an heir-at-law who files her bill to construe the will, alleging that the gift to charity is void as creating a perpetuity, is not entitled to solicitors' fees.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

BANGS, FRANKHAUSER & COLBY, (MITCHELL & FILES, and EDWARD P. FELKER, of counsel,) for appellant.

GIDEON S. THOMPSON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant, a niece and one of the heirs-at-law of William H. Godair, deceased, filed her bill in the circuit court of Cook county to construe his last will and testament. Godair was survived by a widow but no children or descendants thereof. The portions of the will made an issue in this suit are as follows:

The preamble reads: "It is my intention during my natural life to found and provide for the building, maintenance, management and endowment of an old people's home to be located in the State of Illinois and to be called 'Godair Memorial Old People's Home.' Said corporation shall not be one for profit, and the said institution shall be non-sectarian, and shall be an abode where old people who are poor and unable to make a living may have a home. It is my intention that the said home may be situated anywhere in the State of Illinois, and that all the provisions in my will as to said old people's home shall relate and apply to my intention herein expressed to have said institution located anywhere in the State of Illinois."

The third clause gives to the Oakwoods Cemetery Association, a corporation, the sum of $600 in trust for the perpetual care of his lot therein. The seventh clause provides:

"*Seventh*—I give, devise and bequeath unto my friends, Daniel R. Spooner and Adolph L. Benner, both of Chicago,

Illinois, all the rest and residue of the property and estate, both real and personal, of whatever kind and description and wheresoever situated, of which I shall die seized or possessed or in which I may have any interest or to which I may in any way be entitled at the time of my death or at any time thereafter, to have and to hold unto them and the survivor of them and their respective successors, in trust, for the following uses and purposes, that is to say :

"Said trustees shall immediately upon my death proceed to collect all my personal estate and take possession of all my real estate, and shall, as soon as possible without sacrificing the same, sell and convey all of said real estate in fee simple at public or private sale or sales, for cash or partly for cash and the balance on time, secured by the premises sold; and they shall also have full power and authority to sell any and all personal property at public or private sale upon such terms as they shall deem expedient. And full power and authority is hereby given to said trustees and the survivor of them, and their respective successors, to make, execute and deliver to the purchaser or purchasers at any sale or sales of my real estate, or any part thereof, or of any personal property, all necessary deeds and instruments in writing therefor. * * * Immediately after my death said trustees shall set apart of said trust $60,000 in cash to be derived from the sale of the personal property or real estate, and to hold the same in trust for the benefit of my wife, Harriet A. Godair, for and during her natural life, paying unto her during said time the net income therefrom in semi-annual installments, and upon the death of my wife, Harriet A. Godair, said trustees shall give and convey the said $60,000 so held in trust, or the securities constituting said sum, unto the Godair Memorial Old People's Home, a corporation incorporated or to be incorporated under the laws of the State of Illinois; and if said home has not been incorporated at the time of the death of my wife, my trustees shall hold the said $60,000 in trust

until it is, and upon its incorporation shall convey the same to said Godair Memorial Old People's Home absolutely and in its own right, and said home shall add one-half part or portion thereof to its endowment fund and the remaining one-half part shall be used by it for improvement of lands and buildings and equipment and furnishings of said home.

"Immediately after my death said trustees shall also set aside of said trust the sum of twenty-two thousand dollars ($22,000) in cash to be derived from the sale of the personal property or real estate of said trust, and to hold the same in trust for the benefit of my friend Daniel R. Spooner for and during the time that he shall act as trustee under my will and during the time that he shall act as an officer of the Godair Memorial Old People's Home and as a trustee of the endowment fund thereof, and during said time pay unto him the net income therefrom in semi-annual installments, and upon his death or resignation or refusal to act as trustee under my will, or his resignation or refusal to act as an officer of said Godair Memorial Old People's Home or as a trustee of the endowment fund of said Godair Memorial Old People's Home, the trust shall terminate as to said $22,000, and said trustees or their successors shall upon the happening of either of said events convey the same $22,000, or the securities representing said sum, unto the said Godair Memorial Old People's Home absolutely and in its own right, to be added by said home to the endowment fund hereinafter provided.

"When said sum of $60,000 and said sum of $22,000 have been set aside in trust, as aforesaid, the said trustees or their successors have converted all the rest and residue of the trust property into cash, they shall make a division of the same among the distributees hereinafter named in the following proportions: To give and convey unto my wife, Harriet A. Godair, absolutely and in her individual right, a three-ninths part or portion thereof. To give and convey unto the Godair Memorial Old People's Home, a

corporation incorporated or to be incorporated under the laws of the State of Illinois, absolutely and in its own right the remainder or six-ninths portion.

"To carry out my intention in founding said home said trustees shall hold said six-ninths portion until the said Godair Memorial Old People's Home has been incorporated, if I have not already founded and incorporated the same in my lifetime, and if said home has not been incorporated, I direct that my trustees shall as soon as practicable cause a charitable corporation to be formed, either through an act of the legislature of the State of Illinois or under the laws of said State, for the purpose of receiving such bequest and accomplishing the object thereof. Said corporation shall be named the Godair Memorial Old People's Home, proper officers appointed of said home and the proper adoption of by-laws made to carry out my intentions. When said corporation has been formed I direct that said remaining six-ninths part or portion so held in trust by my said trustees shall be given and conveyed to said Godair Memorial Old People's Home, and said corporation shall use two-ninths part thereof for the purpose of purchasing lands, construction of buildings thereon and equipment for said home, and the remaining four-ninths part or portion given to said corporation shall be held for the endowment of said home. The income from said endowment fund shall be used for the support and maintenance of said home. Said trustees may in their discretion, before conveying said six-ninths part or portion, locate and purchase the lands and see to the construction of the buildings from the said two-ninths portion, and in case they take title to any land so purchased, that may make the necessary conveyances vesting the title in said corporation. My trustees shall have ample power to act in relation to the purchase of lands, construction of buildings, equipments thereof and anything in connection therewith, for the purpose of carrying out my intention as expressed in this will. They shall not, however, expend for the pur-

pose of lands, construction of buildings and equipment of
the home more than two-ninths of the portion so held by
them in trust."

The next six paragraphs of this clause provide for the
management of the home and the power of the trustees of
said home, and it then provides:

"The provisions in this will made for my beloved wife
shall be in lieu of her widow's award, of all dower in my
real estate, of any interest in my personal estate and of
whatever right or interest which she might otherwise have
in my property and estate. In case my wife, Harriet A.
Godair, desires, instead of receiving said three-ninths por-
tion as herein provided in cash, the following described
real estate, to-wit, lots four (4) to thirteen (13), both in-
clusive, in the subdivision of the south two hundred and
seventy-one (271) feet of lot twenty-six (26), in block one
(1), in B. F. Jacobs' subdivision of parts of lots twelve
(12), thirteen (13) and fourteen (14) in School Trustees'·
subdivision of section sixteen (16), township thirty-eight
(38), north, range fourteen (14), east of the third princi-
pal meridian, together with all buildings and improvements
thereon, situated in Chicago, Cook county, Illinois, my trus-
tees shall give and convey unto my wife by sufficient con-
veyances the said property absolutely and in her own right
upon the basis of a valuation of one hundred and forty
thousand dollars, ($140,000,) provided, however, that she
serve in writing the said trustees, within sixty days of the
time of the appointment of executors under my will by the
probate court of Cook county, Illinois, a notice which sets
forth her intention to select the said property, and if such
notice is not served within said time the said trustees shall
consider that said election has been abandoned and act in
relation to said property as though no privilege was given
to her to select said property as aforesaid. If said prop-
erty is selected by my wife and conveyed to her, the said
$140,000 shall be deducted from whatever her three-ninths

share may be, and after making said deduction therefrom the balance shall be paid to her in cash.

"I do further provide and empower said trustees to make whatever expenses that may deem necessary for the proper administration of their trust estate, including therein the expenses of incorporating the said Godair Memorial Old People's Home, that may pay out from time to time whatever sums they may think prudent or expedient for the management, protection and conservation of the estate under their control, and such expenses so made shall not be questioned by any of the parties in interest. In leasing my real estate said trustees are authorized to demise the same for any term or terms of years and upon such conditions and under such covenants and provisions as may seem proper to them, and they may sell or otherwise dispose of my real estate subject to any such leases. Until the sale or other disposition of any real estate under their control said trustees shall receive and collect all rents, issues and profits therefor, pay taxes and assessments, keep all buildings and improvements insured, pay insurance premiums and make repairs. They shall collect and receive any insurance moneys or losses and shall have power to compromise any losses or claims, and may make whatever outlay they may regard prudent and expedient for the care and management of the estate. Until the division of the trust property, to be given three-ninths to my wife and six-ninths to said Godair Memorial Old People's Home, I direct my trustees to half-yearly pay three-ninths of the net rents unto my wife and the other six-ninths of the rents of the real estate shall be held in trust until the six-ninths shall be conveyed to the corporation, when said six-ninths of the rent shall be conveyed to it, and my said corporation be applied towards the improvements of the buildings and equipment of said home."

The clause then provides for the vesting of the estate in the surviving trustee in case of death, authorizes the

trustees to issue revocable power of attorney; and provides for a safety box for securities. The clause also provides that the contest of the will by any legatee shall work a revocation of the bequest to such legatee, and further provides for the appointment of a successor in trust by the surviving trustee without an order of court approving such appointment. It also provides that a certificate of such appointment shall be filed in the recorder's office. The balance of the clause provides power to the trustees to administer the estate without a court order and for the nomination of successors in trust to trustees of the home, and provides that the trustees of the home (other than Spooner) shall receive reasonable compensation.

Appellant by her bill asks for a construction of the will, and alleges that certain bequests and devises are in violation of the rule against perpetuities. The answer admits the execution of the will and various other allegations of the bill; admits that upon the death of Harriet Godair the bequest of $60,000 in trust for her benefit is to go to the Godair Memorial Old People's Home; admits the bequest of $22,000 in trust for the benefit of Spooner during his lifetime and alleges that said amount is in payment for services to be rendered as trustee, and denies that the gift to charity is uncertain, remote or void. The cause was tried before the chancellor, who dismissed the bill for want of equity and refused to allow solicitors' fees to complainant.

It is objected by appellant that the gift of $600 to the Oakwoods Cemetery Association, a corporation, in trust for the purpose of caring for the lot of the testator, as provided in clause 3 of the will, is void. It is a sufficient answer to say that section 19 of chapter 21 of the Revised Statutes expressly authorizes incorporated cemetery associations to accept such trusts. This power was upheld in the case of *Mason* v. *Bloomington Library Ass'n*, 237 Ill. 442.

It is not contended that the legacy to the widow, Harriet A. Godair, of $60,000, or that to Daniel R. Spooner

of $22,000, is void, but that the remainder created in these legacies fails, and that therefore such remainders become intestate property. The reason urged for the failure of such remainders is to be found in appellant's objection to that part of clause 7 relating to a gift to the Godair Memorial Old People's Home.

Counsel for appellant have submitted somewhat elaborate and ingenious arguments for holding that the seventh clause of this will is void. Without following in detail the various arguments presented, the main question upon which the rights of parties in this case depend is: Does the will by its seventh clause create a valid gift to charity, capable of being carried out as such under the rules of law?

It is evident from the will and the preamble thereof that the testator intended to create a gift to charity. A satisfactory and often quoted legal definition of a charity or a charitable use is found in *Jackson* v. *Phillips,* 14 Allen, 556, given by Gray, J., as follows: "A charity, in a legal sense, may be more fully defined as a gift, to be applied, consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burthens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature." It cannot be doubted that under this definition of a charity the gift in the will in question is a gift to charity.

It is, however, urged on the part of the appellant that this is a gift to a corporation not yet formed, and that in view of the fact that such corporation may not be formed within twenty-one years, the gift is void as violating the rule against perpetuities, and that the gift to the Godair Memorial Old People's Home is a gift *in futuro.* The

first paragraph of the seventh clause, considered with the subsequent provisions thereof, conclusively shows, however, that there is no basis for this contention. That part of the seventh clause is as follows: "I give, devise and bequeath unto my friends, Daniel R. Spooner and Adolph L. Benner, both of Chicago, Illinois, all the rest and residue of the property and estate, both real and personal, of whatever kind and description and wheresoever situated, of which I shall die seized or possessed or in which I may have any interest or to which I may in any way be entitled at the time of my death or at any time thereafter, to have and to hold unto them and the survivor of them and their respective successors, in trust, nevertheless, for the following uses and purposes." This is clearly a present gift in trust to carry out the provisions of the will. The seventh clause of the will also directs the founding of the Godair Memorial Old People's Home, and that as soon as practicable such a charitable corporation shall be formed under the laws of this State, and that after the legacies created,— including those to Harriet A. Godair, widow, and to Daniel R. Spooner,—shall have been set aside in the manner provided in the will, the balance of the estate shall go to such home for building and maintaining the same. The will also provides that upon the death of the widow and the resignation or death of Spooner the legacies of $60,000 and $22,000, respectively, shall fall into the estate given to the said charity.

It is evident that the provision of the will disposing of the testator's property remaining after the legacies specified, is, as we have said, a gift to charity. This gift is likewise a gift *in præsenti*. The donee under this clause of the will is not, as argued by appellant, a corporation to be created in the future. The gift is for the benefit of that class of unfortunate persons, of an indefinite number, who are to be assisted by the benevolence of such home. In other words, this is a gift to charity and not to a corporation.

The formation of a corporation is but a means directed by the testator to be used for the purpose of more efficiently administering the charity. The gift is a complete gift to charity, without regard to whether or not the time for the organization of the corporation is fixed and without regard to whether or not the corporation is ever created. Even though it may never be created, the gift, being to a charitable use, will be upheld. *Crerar* v. *Williams,* 145 Ill. 625; *Jones* v. *Habersham,* 107 U. S. 174.

It is the rule that if a gift in trust for a charity is conditioned upon a future and uncertain event, the rules applicable to such a gift are the same as apply to any other estate depending for its coming into existence upon a condition precedent. Should the condition never be fulfilled the estate would never arise, or if it is so remote and indefinite as to transgress the limits of time prescribed by law against perpetuities the gift fails. Such, however, is not the situation here. There is no contingent interest created by this will. There can be no hiatus in this estate. It is a present devise of all the property in question to the trustees in trust for charity. In other words, the *cestui que trust* is a charity and the gift is one *in præsenti.* (*Crerar* v. *Williams, supra; Andrews* v. *Andrews,* 110 Ill. 223.) The provisions of the will directing the conveyance to this home, when established, of the property comprised in the residuum of the estate, and the legacies in trust to the widow and to Spooner when their interest in them shall terminate, are merely directions in the administration of the estate. The title vests in this charity by the will.

Counsel for appellant cite the case of *Johnson* v. *Preston,* 226 Ill. 447, as supporting their contention that this clause is in violation of the rule against perpetuities. That case is to be distinguished from the case at bar. There it was provided that a trustee should hold the property devised for a space of twenty-five years from and after the date of the probate of the will, and it was held that from the

language of the will it was evident that whatever interest the executor took under it would not vest in him until the probate of the will, and that while such an event would ordinarily occur within a few months, yet it could not be said that it was a condition that must happen within twenty-one years after the death of the testatrix, and, the will creating no precedent estate, the gift violated the rule against perpetuities. In the present case the will, as we have seen, vests the property in the trustees upon the death of the testator, to be held in trust for the charity designated. The will provides the method by which the estate shall be administered and this charity organized for practical purposes before the trust shall be discharged and the possession of the property turned over to the trustees of the home. There is nothing in these provisions of the will that in any way tends to hold any estate in the testator's property in abeyance.

It is further urged by appellant that because the will provides that the widow may, instead of receiving in cash three-ninths of the estate remaining after other legacies are provided for, take certain described real estate at a price fixed in the will upon giving notice of an election within sixty days from the time of the appointment of the executors by the probate court of Cook county, therefore the fee to such real estate does not vest pending the appointment of executors and her election concerning said real estate; that the appointment of the executors may be indefinitely postponed and that the fee in the real estate is held in abeyance pending such election on her part. We are unable to concur with this view. The will refers to the trustees as both executors and trustees. The effect of this provision of the will was merely to give to the widow the option to buy the described real estate at the fixed price of $140,000. In that regard she occupies the same position as a stranger to the will.

But it is urged that this is an alternative gift, and since it is possible that the wife's three-ninths of the residuum

of the estate may not amount to $140,000, the effect of this provision would be to reduce the amount given to charity. We do not think so. While no evidence is pointed out by the appellant tending to establish that the wife's three-ninths interest will not amount to more than $140,000, yet even if it does not, such fact will not change the import of the will. It might well be to her advantage to purchase the same at $140,000, though the balance of the purchase price be supplied from moneys other than her three-ninths portion of the residuum of the estate, and the will merely gives her the option of purchasing this property from the trustees and applying her legacy on the purchase price. This does not prevent the fee to the land vesting in the trustees immediately upon the death of the testator. This is an option to purchase and not an alternative gift.

We have considered the other objections urged by counsel for appellant as reasons for holding this clause void, but as these objections are predicated upon the ground that the gift in clause 7 cannot be held to be a valid gift to charity, it does not become necessary to extend this opinion by presenting them further.

Under the direction of the testator that the trustees shall convert all realty into cash this estate is to be considered as personal property. It has long been the established rule in this State that where a testator directs that his entire estate shall be first converted into money, the estate is to be treated as a devise of money and not of land. (*Baker* v. *Copenbarger,* 15 Ill. 103; *Jennings* v. *Smith,* 29 id. 116; *Rankin* v. *Rankin,* 36 id. 293; *Crerar* v. *Williams, supra;* Bispham's Principles of Equity, 307.) Under this will the duty to convert all real estate into money is imperative. Not a single bequest of the will can be satisfied without the payment of money. All gifts are therefore gifts of personalty, and it cannot be said that because the bill questions the validity of the clause creating the gift to charity, the direction to convert into personal property is like-

wise void because such direction is contained in said clause. Even though the gift to charity made under clause 7 were an invalid gift, the estate would nevertheless be treated as personalty and not realty. (*Crerar* v. *Williams, supra.*) This being true, and the testator having been survived by a widow, appellant, who is his niece, could take no interest in this property even though such gift to charity be void.

It has long been the established rule in this State that courts of equity favor gifts to charity. This has been likewise the general rule. In Gray on Perpetuities (607) it is said: "But if the court can see an intention to make an unconditional gift to charity, (and the court is very keen-sighted to discover this intention,) then the gift will be regarded as immediate, not subject to any condition precedent, and therefore not within the scope of the rule against perpetuities." In this State a court of chancery will consider a charity as the substance of the gift, and if the mode pointed out in the conveyance or will for carrying it into effect fails, courts of equity will provide another mode by which the charity will take effect. *Heuser* v. *Harris,* 42 Ill. 425; *Andrews* v. *Andrews, supra; Hunt* v. *Fowler,* 121 Ill. 269; *Crerar* v. *Williams, supra.*

As our conclusion is that the residuary bequest in this will is a good and valid gift to a charitable use, and that by the direction to the trustees to convert all of the realty into personalty an equitable conversion is effected and all property of the estate is treated as personalty, it follows that the appellant is without any interest in the estate of the testator, and the chancellor did not err in dismissing her bill for want of equity.

There is no ambiguity in the will and appellant could take no interest under it in any event, and the chancellor did not err in refusing to allow her solicitors' fees.

The decree of the circuit court dismissing appellant's bill for want of equity was right and it will be affirmed.

*Decree affirmed.*