(No. 15028.—Decree affirmed.)

CHARLES F. HARGES, Admr., Appellee, *vs.* LOUIS OTTO ZANDER *et al.* Appellants.

*Opinion filed October 28, 1924—Rehearing denied Dec. 3, 1924.*

1. WILLS—*what constitutes a charitable trust.* A charitable trust is a trust for the benefit of an indefinite number of persons by bringing their minds under the influence of education or religion, by relieving their bodies of disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government.

2. SAME—*when devise to religious society does not violate rule against perpetuities.* A devise to a trustee with directions to make certain payments of the income or proceeds of the property for "furthering the cause of Christian Science as taught and promulgated by Mary Baker Eddy" creates a charitable trust which does not violate the rule against perpetuities, although it provides that the payments may be made to aid any church being built at the death of the testatrix or that may thereafter be built, as such a gift is to charity *in præsenti* and is not a gift on condition.

3. SAME—*gift to charity is not within rule against perpetuities.* Where the intention is to make an unconditional gift to charity the gift will be regarded as immediate and not subject to any condition precedent, and is therefore not within the scope of the rule against perpetuities.

4. SAME—*when gift to charity is sufficiently definite.* A devise to a trustee with directions to manage or invest the property and pay the income or proceeds in certain payments toward the building of any church that may be in process of construction in the city of Chicago at the time of the testatrix's death or may thereafter be built for furthering "the cause of Christian Science as taught and promulgated by Mary Baker Eddy" is a gift for the benefit of the people of Chicago generally and is a sufficiently definite gift to charity.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

MILTON O. NARAMORE, for appellants.

BANGS & FRANKHAUSER, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Appellee, as administrator with the will annexed of the estate of Lucy Pope Lachat, deceased, filed his bill in the superior court of Cook county for a construction of the fifth clause of the will of the decedent, making as parties defendant thereto, Louis Otto Zander, Harry J. Grabo, Longley Taylor, (the latter as the Christian Science Committee on Publication,) the People of the State of Illinois, and the unknown devisees under the will. Appellants, Louis Otto Zander and Harry J. Grabo, the only heirs-at-law of the testatrix, answered the bill, alleging that the fifth clause of the will was void and praying that the property mentioned therein might be decreed to pass as intestate property. They also filed a cross-bill. On the hearing a decree was entered declaring the fifth clause of the will valid and appointing a trustee to administer the trust created in said clause and dismissing the cross-bill for want of equity.

Lucy Pope Lachat died on March 31, 1921, seized of real property valued at $5000 and possessed of personal property valued at $10,000. By her will Joseph E. Otis was named executor and trustee. He declined to act as such executor and trustee and appellee was appointed administrator with the will annexed. After first directing that all of her just debts and funeral expenses be paid, she bequeathed to her nephews, Louis Otto Zander and Harry J. Grabo, of Chicago, and Charles F. Harges, of Chicago, the sum of $100 each. By the fifth clause of the will she devised and bequeathed to Otis, as trustee, all of her estate

and property remaining after the payment of her debts and funeral expenses and the legacies aforesaid, in trust for the purposes therein mentioned, with the power, during the period of the trust, to hold, manage, lease, control, care for and protect such trust property and collect the income therefrom in accordance with his best judgment and discretion, with full power to sell and convey the same and to reinvest the proceeds in real estate, high-grade stocks, railroad, public utility and other corporate bonds, in government, State, county, drainage and municipal bonds, and other bonds of a similar character, or in any other interest-bearing securities or property. The further directions to the trustee were in the following language:

"Out of said trust estate said trustee shall, for the purpose of furthering the cause of Christian Science as taught and promulgated by Mary Baker Eddy in her work 'Science and Health, with Key to the Scriptures,' make the following payments until the entire estate is exhausted: To the building fund of any Church of Christ, Scientist, of Chicago, Illinois, which is a loyal branch church of the mother church, the First Church of Christ, Scientist, in Boston, Mass., and which may at the time of my death be building a church edifice or which may thereafter build a church edifice in the city of Chicago, the sum of five hundred dollars ($500) each.

"Should any such church so building desire that $500 be given to its building fund it may apply to said trustee therefor, and thereupon the trustee shall forthwith pay said sum of $500 to said church, but said trustee shall not wait for such request to be made, but shall ascertain through the proper channel,—*i. e.,* the Christian Science Committee on Publication of Illinois,—what churches are from time to time entitled to distribution of said fund hereunder."

No successor in trust to Otis was named in the will and no method or authority given for the appointment of a successor in trust. The Christian Science Committee on Pub-

lication in Illinois consists of one man, Longley Taylor, who was made a defendant to the original and cross-bills and filed answers.

The testatrix at the time of her death was a Christian Science practitioner and had been for twenty years. She was a member of the Second Church of Christ, Scientist, of Chicago. The proof shows that there is in Boston, Massachusetts, a church known as First Church of Christ, Scientist, of Boston, Massachusetts, which was founded by Mary Baker Eddy and is known as the mother church. The teachings of Christian Science were first introduced in Chicago about 1883. In 1886 the first church was organized in that city. Since that time there have been fifteen other churches organized in Chicago that are loyal to the mother church. At the time of the death of testatrix twelve or thirteen of those churches had church buildings and one other was constructing a church. Three of those buildings were erected between July 26, 1918, the date of the execution of the will, and March 31, 1921, the date of the death of testatrix. Two of such churches have started buildings in the city of Chicago since the death of the testatrix and another is at work on a building project. The churches erected are of stone and brick and are very substantial structures, but the nature of the communities around some of the older edifices has changed since their erection so that their location is no longer the most desirable. The church manual, which was introduced in evidence, provides that a member of the mother church who obeys its by-laws and is "a loyal, exemplary Christian Scientist working in the field" is eligible to form a church, but that "a branch church" shall not be organized with less than sixteen loyal Christian Scientists, four of whom are members of the mother church, and that this membership shall include at least one active practitioner whose card is published in the list of practitioners in the *Christian Science Journal.* The manual sets out several rules governing the conduct of services in the mother and

branch churches. It provides also that each branch church shall be distinctly democratic in its government and that no individual and no other church shall interfere with its affairs; that each church shall have its own form of government, and that no conference of churches shall be held "unless it be when our churches located in the same State convene to confer on a statute of said State or to confer harmoniously on individual unity and action of the churches in said State."

The first contention of appellants is that the language of the fifth clause of the will is so indefinite and uncertain that it is impossible of execution. Their argument is, that in thirty-nine years only fourteen Christian Science churches have been built in Chicago, and that in order that a full distribution of the trust fund may be made there must be a rapid and continuous growth of the Christian Science faith in Chicago, and that such presumption is unreasonable. Even if this court could say that such presumption is unreasonable, there would be only an uncertainty of complete fulfillment of the intention of the testatrix. The meaning of the language of the will and the intention of the testatrix would not thereby be rendered uncertain and indefinite.

It is also argued that by the language of the fifth clause of the will the testatrix limits the application of the fund to churches organized at the time of her death, and that by reason thereof the clause is made uncertain and impossible of execution. The language used in this clause clearly means that $500 may be given to the building fund of any Church of Christ, Scientist, of Chicago, which is at the time of the gift a loyal branch church, whether that time be at or after the death of the testatrix. Appellants arrive at their conclusion, we think, by giving too narrow a construction to the last words in the first paragraph of the fifth clause above quoted, to-wit: "And which may at the time of my death be building a church edifice or which may

·thereafter build a church edifice in the city of Chicago."
The pronoun "which," twice used in this clause of the will,
has for its antecedent "any Church of Christ, Scientist, of
Chicago," etc.   To arrive at the clear meaning of this lan-
guage we are at liberty to repeat before the second pronoun
"which" its antecedent, which is legitimate in arriving at a
correct construction and meaning of this clause.   It will
then read thus:   "To the building fund of any Church of
Christ, Scientist,  *  *  *  which may at the time of my
death be building a church edifice, or to the building fund
of any Church of Christ, Scientist, which may thereafter
build a church edifice."

It is also contended that what is "a loyal branch church"
is uncertain and indefinite.   The record shows that among
Christian Scientists a loyal branch church is one that is
organized and conducts its services in accordance with the
manual of the mother church.   This is clearly the meaning
that the testatrix had in mind when she used the words
"loyal branch church."   The trustee is under the fifth clause
of the will to determine what churches are "loyal branches"
with the assistance of the Christian Science Committee on
Publication of Illinois, and there should be no difficulty in
carrying out the plain intention of the testatrix in this
regard.

The contention of appellants that the fifth clause of the
will is void because it is in contravention of the rule against
perpetuities, as it is not certain that the churches which will
receive the money under the fifth clause of the will will be
in existence, or if in existence will start building within
the period prescribed by the rule, cannot be sustained.   It
·is clear that this trust is a charitable trust.   Such trust is
one for the benefit of an indefinite number of persons, by
bringing their hearts under the influence of education or
religion, by relieving their bodies of disease, suffering or
constraint, by assisting them to establish themselves for life,
or by erecting or maintaining public buildings or works or

otherwise lessening the burdens of government. (*Jansen v. Godair,* 292 Ill. 364; *Crerar* v. *Williams,* 145 id. 625.) Since the gift in this case is a charity, the beneficiaries are not, as contended by appellants, the Christian Science churches of Chicago which may build church edifices, but the gift is for the benefit of the people of Chicago generally, so they may have an opportunity of learning the doctrine of Christian Science. The gift is not a conditional gift but a gift *in præsenti.* The language of the gift is: "I give, devise and bequeath unto Joseph E. Otis, of Chicago, Illinois, as trustee, all of my estate and property remaining, * * * in trust for and upon the following trusts," etc. The gift is one to charity *in præsenti* and not on condition, and so does not come within the rule against perpetuities. (*Jansen* v. *Godair, supra.*) In the case just cited we said: "It has long been the established rule in this State that courts of equity favor gifts to charity." We also adopted the doctrine laid down in section 607 of Gray on Perpetuities, which is to the effect that if the intention of the testator is to make an unconditional gift to charity, the gift will be regarded as immediate and not subject to any condition precedent, and therefore not within the scope of the rule against perpetuities.

The final contention of appellants is that the gift is void because it lacks a certain definite object. The gift is to charity by furthering "the cause of Christian Science as taught and promulgated by Mary Baker Eddy in her work 'Science and Health, with Key to the Scriptures,'" and directions are given for the distribution of the trust fund to the building funds of certain churches. We are not in accord with appellants' contention. Less definite and certain charitable gifts than this have been upheld. *Hitchcock* v. *Board of Home Missions,* 259 Ill. 288.

The decree of the superior court is affirmed.

*Decree affirmed.*