**TEN CORPORATION OF ORLANDO v. BARNES, et al.**
No. 69-2511.
Circuit Court, Broward County.
December 1, 1969.

Thomas T. Ross of Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Orlando, for plaintiff.

William H. Benson of Feibelman, Friedman, Hyman & Britton, Fort Lauderdale, for defendant Thomas F. Barnes, Jr.

Robert T. Scott of Gunster, Yoakley, Criser, Stewart & Hersey, Palm Beach, for defendant administratrix of estate of Thomas F. Barnes, Sr.

STEPHEN R. BOOHER, Circuit Judge.

*Summary final judgment:* This cause came on for consideration on the plaintiffs' motion for summary judgment, and the court having considered the same, together with the arguments, memoranda and authorities of counsel, and having thoroughly reviewed the pleadings, depositions and affidavits filed herein, and being otherwise duly advised in the premises, finds as follows —

1. In July, 1961, Thomas F. Barnes, Jr., the judgment debtor herein, transferred to his father, Thomas F. Barnes, Sr., certain securities in satisfaction of a pre-existing debt in the amount of $30,787.26. In conjunction with this transfer, an option agreement was executed wherein Thomas F. Barnes, Jr. was given the right to purchase the transferred securities from his father for a period of 25 years measured from July 28, 1961. It was agreed by Thomas F. Barnes, Sr., that the option agreement would be binding on him, his heirs, assigns, legal representatives or persons in any wise acting in a fiduciary capacity for Thomas F. Barnes, Sr.

2. Subsequent to the creation of this option interest, Thomas F. Barnes, Sr. died intestate, and his estate acquired the above mentioned securities subject to the option rights of Thomas F. Barnes, Jr. The estate presently owns various assets, including 102 shares of stock in the Bay Hill Club, Inc., 18 shares of stock in Tibet Corporation, one $25,000 series "C" bond of the the Bay Hill Club, Inc., a $3,022.80 convertible debenture of Tibet Corporation and some real estate upon which is located an office building.

3. By deficiency decree dated August 9, 1967, in a case styled Ten Corporation of Orlando v. Thomas F. Barnes, Jr., case no. 62101, in the circuit court of the ninth judicial circuit, in and for Orange County, Florida, judgment was entered for the plaintiff, Ten Corporation of Orlando, against Thomas F. Barnes, Jr., in the amount of $19,040.24 plus interest from the date of the decree. Thereafter, by instructions for levy and writ of execution dated September 16, 1968, the plaintiff levied upon certain securities held by the Citizens National Bank of Orlando as escrow agent for the judgment debtor, Thomas F. Barnes, Jr. A sale of these assets was held on November 1, 1968, at which time Ten Corporation of Orlando purchased the subject assets.

4. Subsequently, on November 12, 1968, an alias writ of execution and instructions for levy to the sheriff of Broward County were issued. The alias writ of execution was returned nulla bona, on December 3, 1968. On or about April 18, 1969, Ten Corporation of Orlando filed this creditor's bill joining as party-defendants Thomas F. Barnes, Jr., the judgment debtor, and Alma S. Barnes as administratrix of the estate of Thomas F. Barnes, Sr.

5. The deposition of the judgment debtor, Thomas F. Barnes, Jr., reveals that he does not own his own home but rents from another, that he is the head of the household and consequently immune from garnishment proceedings, that the furnishings located in his residence are either owned by his wife, or by himself and his wife jointly, that he has no savings account and does not maintain an individual checking account, that he is not employed and does not receive any salary, that he is not the beneficiary of any trust, that he does not own or have any interest of whatever type in any real estate, that his automobile is encumbered by a chattel mortgage to a lending institution, that he owns no boats or planes, and that he receives no income from any source. Mr. Barnes further stated that he is not owed any money or debts by any person, that he owns no securities except some securities owned jointly by himself and his wife, which securities are hypothecated to a bank, that he owns no bonds, and he admitted that he does not possess cash or other assets sufficient to satisfy the judgment against him held by the plaintiff, Ten Corporation of Orlando.

6. The deposition of Alma S. Barnes, the duly appointed and qualified administratrix of the estate of Thomas F. Barnes, Sr., reveals certain facts. Mrs. Barnes acknowledged that Thomas F. Barnes, Jr. possessed an option right on certain securities held by the estate. She stated that the only heirs of the estate were herself, as the surviving spouse of Thomas F. Barnes, Sr., and Thomas F. Barnes, Jr., son of the deceased. All the creditors of the estate, including the estate tax, have been paid, except for an annuity due and owing to the first wife of the deceased. Mrs. Barnes described in some detail the estate assets and the fact that Thomas F. Barnes, Jr. had previously received extensive distributions from the estate.

7. Mrs. Barnes in her deposition affirmed that the only problem prohibiting final disbursement and a closing of the estate was the necessity of purchasing an annuity for the first wife of the deceased. Mrs. Barnes acknowledged that the estate had received an offer of approximately $54,000 for various non-real estate assets of the estate. She stated that had the sale been consummated, sufficient funds would have been made available for the funding of the required annuity, and the estate could have been closed. However,

when the estate requested an order from the probate court authorizing the sale of the assets, Thomas F. Barnes, Jr. raised objections to the sale, thus prohibiting its completion.

8. Ten Corporation obtained a judgment at law against Thomas F. Barnes, Jr. and thereafter attempted to realize on the judgment by utilizing its legal remedies, to-wit, levy and execution. Attempts at satisfaction by way of its legal remedies proved unsatisfactory as Ten Corporation was unable to find sufficient assets upon which to effectuate its levy. Ten Corporation then conducted investigations into the financial status of the judgment debtor and discovered that the debtor did not have any assets upon which a legal levy and execution might be utilized. The judgment creditor did, however, discover that there were various equitable assets owned by the judgment debtor or equitable assets in which he had an interest. Consequently, Ten Corporation, pursuant to the remedies provided by chapter 68.05 of the Florida Statutes, filed its creditor's bill in pursuit of these equitable assets owned by Thomas F. Barnes, Jr.

9. It is clear under the law of Florida that legal remedies may not be used to levy upon equitable assets or upon equitable interests in property owned by a judgment debtor. In Thalheimer v. Tischler, 1908, 55 Fla. 796, 46 So. 514, a judgment debtor had a lease option interest in a piece of real estate upon which a levy and execution had been issued by the sheriff and which was sold at public auction. The issue was whether or not such a writ of execution, being a legal remedy, could be utilized to levy upon an equitable asset, an option to purchase real estate. The court held that an equitable asset of a debtor can be reached only by proper proceedings in a court of equity and is not subject to levy and sale under an execution at law issued upon the judgment recovered against such debtor. Such an interest, the court held, could be captured by the judgment creditor only by a court of equity, by means of a creditor's bill. This holding of the Supreme Court of Florida was subsequently reaffirmed in the related case of Tischler v. Robinson, 1908, 56 Fla. 699, 48 So. 45.

In Hillsborough County v. Dickenson, 1936, 125 Fla. 181, 169 So. 734, the Supreme Court held (169 So. at pp. 736-737) —

> As now applied, a "creditor's bill" is one brought by a creditor who has secured a judgment at law, and who has in vain attempted to satisfy it at law, but after finding he cannot do so sues in equity for the purpose of subjecting property of the debtor to payment of his judgment which cannot be so subjected by execution at law. The nature, purpose and scope of a creditor's bill is to bring into exercise the equitable powers of the court to enforce the satisfaction of a judgment by means of an equitable execution, because execution at law cannot be enforced. It is in the nature of an equitable execution, or equitable relief, which is granted

solely on the grounds that there is no remedy at law. Creditors' bills originated in the ineffectiveness of legal execution and were designed to aid creditors who, having exhausted their legal remedy, still remain with their debts unsatisfied, in reaching property of their debtors not reachable by ordinary legal proecss. * * *

The main purpose of a creditor's bill being in aid of creditors who have exhausted their legal remedies, a judgment creditor who has done this may pursue in a court of equity any equitable interest, trust or demand of his debtor, in whosesoever hands it may be found. [Citations omitted] Lands or personal property in which a debtor has an equitable estate or interest, the legal title being in another, may be reached by a creditor's bill. [Citations omitted] The rule is general that a debtor's interest in a trust fund created either by himself or another may be reached to satisfy a judgment against him by a creditor's bill. [Citations omitted] A like rule applies to a resulting or a constructive trust. [Citations omitted]"

10. The depositions and affidavits filed herein reveal that the judgment creditor, Ten Corporation of Orlando, has unsuccessfully sought to satisfy its judgment by way of the utilization of its legal remedy of levy and execution. The depositions further reveal that the judgment debtor, Thomas F. Barnes, Jr., does not possess any legal assets upon which levy might be effectuated. He does, however, own an equitable asset in the form of an option to purchase certain assets held by the estate of his father. This equitable asset is a proper subject for equitable levy.

11. The defendant argues in his letter memorandum of October 6, 1969, that the option is really not an option at all, but evidence of a pledge of stock to secure a loan. This, of course, is not what the document on its face states, and such a construction would require a stretching of the clear language contained therein. But even if the language of the document were susceptible of being construed as a stock pledge to secure a loan, which it is not, it is evident that such was not the intent of the parties. Thomas F. Barnes, Jr. acknowledged on deposition that he did, in fact, own an option to purchase these certificates, and he further stated that aside from 1,000 shares of stock in the Ruddick Corporation owned jointly by himself and his wife, he did not own or have any interest in any other stocks or securities, either jointly or singularly. Therefore, it is clear that Thomas F. Barnes, Jr. does have an equitable asset, to-wit: an option to purchase, and that the request of the judgment creditor plaintiff in this creditor's bill for the court to enter an order directing the sale of this equitable asset, with the proceeds from such sale being directed to Ten Corporation of Orlando, should be granted.

12. Thomas F. Barnes, Jr., a judgment debtor, is one of two heirs to his now deceased father's estate. The estate of Thomas

F. Barnes, Sr. contains various assets which will be ultimately distributed. The interest of Thomas F. Barnes, Jr. in the estate of his father is likewise an equitable interest which is subject to the judgment creditor's equitable proceeding. Cf. Martinez v. Balbin, Fla. 1954, 76 So.2d 488; Bradshaw v. American Advent Christian Home, 1940, 145 Fla. 270, 199 So. 329.

13. There is due to the plaintiff, Ten Corporation of Orlando, from defendant Thomas F. Barnes, Jr., in the deficiency decree entered August 9, 1967, case no. 62101, in the circuit court of the ninth judicial circuit, in and for Orange County, the following —

| | |
|---|---:|
| Amount of deficiency ......................... | $19,040.24 |
| Interest at 6% from August 9, 1967 to November 13, 1969 ................... | 2,585.29 |
| Less credit from execution sale on November 1, 1968 ................... | —62.37 |
| Filing fee ........................................... | 16.00 |
| Service of process .............................. | 10.00 |
| | $21,589.16 |

The above-itemized sums are now due and owing to the plaintiff and in addition such further sums as may be paid by the plaintiff for court costs, plus interest at 6% from November 13, 1969 until paid, and any further sums in connection with this suit.

14. There is no genuine issue as to any material fact, and the plaintiff is entitled to judgment herein as a matter of law.

Thereupon, it is ordered and adjudged as follows —

1. That the plaintiff has an equitable lien to secure the payment of the above-itemized sums against the right, title and interest of the defendant, Thomas F. Barnes, Jr., in and to the following —

Agreement dated July 28, 1961, between Thomas F. Barnes, Jr. as Purchaser and Thomas F. Barnes, Sr., as Owner, granting an option for a period of twenty-five (25) years from July 28, 1961, to Thomas F. Barnes, Jr. to repurchase from Thomas F. Barnes, Sr., his heirs, assigns, legal representatives or person in any wise acting in a fiduciary capacity for the said Thomas F. Barnes, Sr., for the sum of $30,787.26, twelve (12) shares of the capital stock of Tibet Corporation, a Florida corporation, represented by Stock Certificate No. 15, issued on July 28, 1961, and one hundred sixty-four (164) shares of the Class A, No Par Common Stock of The Bay Hill Club, Inc., a Florida corporation, represented by Stock Certificate No. 16.

2. Unless defendant Thomas F. Barnes, Jr., within seven days from the entry of this summary final judgment, shall pay to the plaintiff or its attorneys the sum specified in paragraph 13, *supra,*

and any other costs of this suit as mentioned in that paragraph, the clerk of this court, after publication of notice in the manner provided in §702.02(2), Florida Statutes, is directed to sell the right, title and interest of defendant Thomas F. Barnes, Jr. in and to the said agreement described in the immediately preceding paragraph, to the highest and best bidder for cash, at public sale, in the main lobby of the Broward County Courthouse, Fort Lauderdale, Florida, free, clear and discharged of any and all claims, rights, equities and interest of defendant Thomas F. Barnes, Jr., and all persons, firms or corporations claiming by, through or under said defendant, the sale to be held at 11 A.M. on Monday, December 29, 1969.

3. Out of the proceeds arising from the sale of the right, title and interest of defendant Thomas F. Barnes, Jr. in and to said agreement by this summary final judgment ordered to be sold, the clerk shall retain his fee; that out of the remainder of the proceeds as far as they shall apply there shall be paid to the plaintiff the sums above provided together with costs of this suit advanced by the plaintiff; and that if the amount realized at the sale shall be more than enough to pay the plaintiff the above-mentioned sums with interest, the clerk shall report the surplus to this court for the court's further order; and that in the event the amount realized at the sale be insufficient to pay the total of the several amounts by this summary final judgment ordered to be paid, the clerk shall report the deficiency to the court for such further orders as the court shall deem proper.

4. The plaintiff may bid at the sale and if the plaintiff is the successful bidder, it shall be entitled to credit on its bid up to the full amount due under this summary final judgment.

5. After the sale has been held, the clerk shall promptly complete and file in these proceedings a certificate of sale, which shall be substantially in the form provided in §702.02(3), Florida Statutes. If no objections to such sale are filed in these proceedings within ten days after the filing of such certificate of sale, the clerk shall thereupon complete and file in these proceedings a certificate of title, which shall be substantially in the form provided in §702.02 (3), Florida Statutes. Upon the filing of such certificate of title, the sale shall stand confirmed as certified by the clerk and all the right, title and interest of defendant Thomas F. Barnes, Jr. in and to the said agreement shall pass fully and completely to the purchaser named in such certificate, without the necessity of any further proceedings or instruments. Thereupon, the clerk shall disburse the proceeds of the sale in accordance herewith and shall file in these proceedings a report of such disbursements, which shall be substantially in the form provided in §702.02(4), Florida Statutes.

6. In the event the amount realized at the sale aforesaid is insufficient to pay the total of the several amounts by this summary final judgment ordered to be paid, the plaintiff shall have and the court hereby impresses an equitable lien to the extent of such insufficiency upon the interest of defendant Thomas F. Barnes, Jr. in the estate of Thomas F. Barnes, Sr., deceased; and all future distributions from said estate which would otherwise be distributed to defendant Thomas F. Barnes, Jr. shall be paid to the plaintiff, and defendant Alma S. Barnes, as administratrix of the estate of Thomas F. Barnes, Sr. is hereby ordered and directed to make such distribution to the plaintiff, until such time as the plaintiff shall have received in full the total of the several amounts by this summary final judgment ordered to be paid.

7. Pending full payment to the plaintiff as aforesaid, defendant Thomas F. Barnes, Jr. is enjoined and restrained from selling, assigning, transfering, delivering or otherwise disposing of his right, title and interest in, to and under the said agreement dated July 28, 1961, and his rights and interest as an heir of and in the estate of Thomas F. Barnes, Sr.; and defendant Alma S. Barnes, as administratrix of the estate of Thomas F. Barnes, Sr. deceased, is enjoined and restrained pending the sale as aforesaid from making any distributions from the said estate to or on behalf of defendant Thomas F. Barnes, Jr.

8. This court retains jurisdiction of this cause and the parties hereto for the purpose of making such other and further orders as may be necessary, proper or appropriate in the circumstances.