LOVE, WILLIAM K., Associate Judge.
Action by appellant (HCTHA) for declaratory decree construing a written contract with appellee (FTHA) who counterclaimed asking for such declaration of rights and obligations; both parties are non-profit corporations, formerly voluntary associations, chartered by Circuit Courts of this State, in 1937 and 1921, respectively, having a common corporate purpose, — the charter of HCTHA providing “It being the particular purpose of this corporation to function, as closely as local circumstances permit, and the Board of Directors deem fit and reasonable, with the health program of the Florida Tuberculosis and Health Association and the National Tuberculosis Association,” but the general nature of the corporate purpose “to better provide for the general welfare of the people of Hillsborough.County, Florida;” appellant’s fund raising campaigns have been limited to Hillsborough County, and have consisted, for all material years, of the Christmas Seal Campaign.
For at least a quarter century, the parties have been associated together and with the National Tuberculosis Association (NTA) in general where NTA, the owner of the familiar double barred cross, annually designated FTHA as its representative for the sale of Christmas Seals, and FTHA designated HCTHA as its affiliate, representative or agent, for the sale of such seals by written, annual contracts, which are subject of this action.
Although the contracts have varied through the years, they have always included provisions for the conduct of the Christmas Seal Campaign, the use of NTA’s cross and seal, the provision of aid by NTA and FTHA in advertising material, etc.; provision for the retention by HCTHA of a great portion of the proceeds (now 80%) for use in Hillsborough County and the remission of the remainder to FTHA and NTA (now 13% and 7% respectively) for use by them on the state and national level in the war against tuberculosis; disposition of the locally retained funds was limited to a work program based on “Approved Principles for Program of Voluntary Tuberculosis Associations and for such other activities as are authorized by the Board of Directors of FTHA,” provide membership upon FTHA’s Board of Directors; and submit copies of its use of funds. Funds collected in one fiscal year were to be utilized in the succeeding fiscal year.
The contract between the parties for 1956 and each year thereafter, contained a recovery of assets clause the terms of which changed from time to time without provoking dispute until the present difficulty. The 1963-64 contract provided:
“2:24 That in the event it shall dissolve its organization or be notified by the FTHA that it does not qualify as an affiliate association, it shall * * * relinquish all financial assets, equipment and records to the FTHA. * * * Any such funds delivered to the FTHA shall be held in escrow until a new affiliate association is found to serve the area.”
Since 1958, FTI-IA had under consideration a reorganization to provide better state-wide and local programs. There were 38 local affiliates and large areas of the state were not served. FTHA, after study, determined to reorganize no later than April 1, 1964, including the merger into an area organization of the counties of Hillsborough, Pinellas (both of which had active affiliate organizations) and Citrus, ILernando, Levy and Pasco (none of which had local affiliates). HCTHA opposed the reorganization preferring to maintain its position as an affiliate limited to the county, and made its opposition known through its representative on the Board of Directors of FTHA. The plan was adopted December 8, 1962, to be carried into effect by the consolidation April 1, 1964, the inception of the fiscal year of each party and affiliate, into the area organization of Gulf Coast Tuberculosis and Respiratory Disease Association, Inc., the new area affiliate (likewise a non-profit corporation). *205 HCTPIA was represented by twelve memberships on the steering committee to organize the new affiliate operation.
In May of 1963, HCTHA withdrew from the reorganization effort; FTHA gave notice of the temporary suspension of the current contract, but, at request of HCTHA reinstated it in July, 1963. Efforts continued to obtain the consolidation of HCTHA organization into the new area organization with no results and on April 1, 1964, FTHA notified HCTHA that it did not qualify as an affiliate.
When HCTHA ceased to qualify as an affiliate it held the proceeds from the prior year’s Christmas Seal Campaign and a reserve accumulated during its years as an affiliate, consisting of proceeds from Christmas Seal Campaigns.
The Chancellor denied relief to appellant and granted relief to appellee requiring appellant to deliver said moneys, less operating expenses pendente lite as allowed per Court Order, to be held in trust and delivered to the area affiliate, with a further trust imposition that said sums be expended only in Hillsborough County.
Both parties are non-profit corporations chartered under the laws of Florida for charitable purposes, and, as such, are peculiarly within the inherent, original jurisdiction of courts of equity, 10 A.J. 66S, Charities § 111. When a corporation becomes a trustee of a benevolent trust, the Court looks first to its charter to determine the nature and extent of the dedication of its assets to eleemosynary purposes and a gift to a society organized for a charitable purpose, without a declaration of the use to which the gift is to be put, is given in trust to carry out the objects for which the organization was created. Brown v. Memorial National Home Foundation, 162 Cal.App.2d 513, 329 P.2d 118, 75 A.L.R.2d 427, cert. den., 358 U.S. 943, 79 S.Ct. 353, 3 L.Ed.2d 352. The refusal of the Board of HCTHA to join in the reorganization of the FTHA rendered the disaffiliation necessary. The Chancellor was fully justified in entering the decree appealed from in order to insure the application of the moneys to the eleemosynary purposes for which given. See also—The National Foundation v. First National Bank of Catawba County, 288 F.2d 831, U.S. Circuit Ct. of Appeal, 4th Circuit; Donora Girl Scout Council, Inc. v. Girl Scouts of the United States of America, 37 Misc.2d 781, 236 N.Y.S.2d 790.
Affirmed.
ALLEN, C. J., and PIERCE, J., concur.