PER CURIAM.
This is an appeal from a final declaratory judgment determining the question of whether or not appellant is entitled to proceeds from a trust. It was a complicated and lengthy trial and involved numerous questions as to the admissibility of evidence. The trial court, in its memorandum opinion, stated as follows regarding such evidence:
“The Court received a great deal of evi-dentuary matter presently in the record with a reserved ruling on objections to its admissibility. The Court finds that all of these exhibits are admissible for the general purpose of presenting the overall picture. Some are inadmissible as proof of the facts they purport to recite and shall not be relied upon by the Court unless specifically referred to. The pedigree evidence is also admissible as an exception to the hearsay rule; however, evidence of a more direct nature has been relied upon by the Court in reaching the ultimate conclusion herein.”
Having considered the record, the briefs and the oral argument of counsel, we find that we are unable to determine whether or not the trial court admitted or excluded much of the evidence presented in the case. We are, thus, unable to determine whether or not the trial court based its ruling on admissible or inadmissible evidence. We, therefore, temporarily relinquish jurisdiction to the trial court with directions to enter a further order making specific rulings on each objection to evidence which he took under advisement during the course of the trial and making reference to the page of the transcript where such evidence *483 was offered and taken under advisement. The appellant will then be allowed a period of 10 days from the filing of the trial judge’s order to file supplemental assignments of error and appellee will thereafter be allowed 10 days within which to file cross assignments of error. Then appellant will have 10 days to file a supplemental brief and appellee will have 10 days thereafter for supplemental brief and appellant five days thereafter for reply brief. The court will thereafter give further consideration to this appeal.
RAWLS, C. J., and McCORD and BOYER, JJ., concur.