340 So.2d 548 (1976)
Charles BARNETT, Appellant,
v.
William R. BARNETT, Appellee.
No. CC-438.
District Court of Appeal of Florida, First District.
December 23, 1976.
Rehearing Denied January 13, 1977.
Raymond, Wilson, Karl, Conway & Barr, Tallahassee, Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellant.
George L. Hudspeth, Jack F. Wayman, Jacksonville, for appellee.
PER CURIAM.
By this interlocutory appeal, appellant, a trust beneficiary, challenges the amount of attorneys' fees awarded by the trial judge to the attorneys for the trustee, appellee, incident to a dispute and ensuing litigation among the trust beneficiaries. The factual background may be found in two prior opinions of this Court, Barnett v. Barnett, Fla. App. 1st 1974, 304 So.2d 482 and Barnett v. Barnett, Fla.App. 1st 1976, 336 So.2d 1213. By our first above-mentioned opinion, we temporarily relinquished jurisdiction to the trial court with directions that it enter a further order making specific rulings on each objection to evidence which the judge took under advisement during the course of the trial. While jurisdiction was relinquished, the trial judge entered the order here interlocutorily appealed. During the pendency of this interlocutory appeal, we have rendered our opinion on the merits in the primary case. (Our second opinion above cited.)
Under the terms of the trust, the surviving blood issue of William L'Engle Barnett is entitled to a share of the income and corpus of the trust of which William R. Barnett is trustee. Following the death of *549 William L'Engle Barnett in April of 1968, Charles Barnett, appellant here, through his attorney, notified the trustee that he (Charles) was entitled to benefits from the trust as surviving blood issue of William. The trustee promptly engaged the services of the law firm of Mahoney, Hadlow & Adams and notified the other trust beneficiaries who soon announced their intention to dispute Charles' claim. A settlement attempt arranged by attorney Hadlow in September of 1968 failed. Up to that time, the law firm had devoted a total of 53 hours to the case. On January 20, 1970, the trustee filed a declaratory judgment action seeking resolution of the conflicting claims. Up to that time, said firm had devoted an additional 112 hours, or a total of 165 hours to the case. From January to August, 1970, the firm, then representing the trustee and other defendants in the case,[1] took three depositions and moved to strike one of the defenses contained in Charles' answer. During the latter period, the firm devoted an additional 141 hours to the case. In August of 1970, the other alleged beneficiaries, being the other defendants in the case, employed other attorneys to represent their respective interests. From August, 1970 through February, 1972, the firm representing the trustee expended an additional 481 hours incident to the case. The trial of the case which commenced on February 21, 1972, consumed nine days. As recited in our prior opinion,[2] the basic issue before the trial court was whether or not Charles was the blood issue of William under a construction of Section 731.29(1), F.S. 1973. The trial judge found adversely to Charles, whose motions for rehearing and new trial were denied on June 13, 1972. From the beginning of the trial until disposition of the post-trial motions, the law firm employed by the trustee expended an additional 160 hours.
At the hearing on the petition for attorneys' fees which is the genesis of this appeal, a member of the firm filed an affidavit dated February 6, 1975, alleging "that your affiant has examined the time records for attorneys as kept by Mahoney, Hadlow, Chambers & Adams to determine the amount of time its members and associates have devoted to this case from April, 1968, to the present, and those records reflect" a total of 1008.7 hours. Two affidavits from eminent attorneys were also filed stating that in their opinion such legal services justified a fee of $42,500 and $46,400, respectively. The trial judge awarded a fee of $42,500.
While conceding that the trustee is entitled to receive reasonable attorneys' fees for necessary legal services, and that the hourly amount awarded by the trial judge is reasonable, appellant argues that the only services shown to have been necessary were those involved in the initial 165 hours expended by the law firm in getting the case filed in the court where the conflicting claims of the real parties in interest could be judicially determined plus approximately 90 hours, or 10 hours a day, for the nine day trial. In support of that argument, appellant quotes a recitation in the trustee's one page brief filed in this Court incident to the primary appeal wherein he said "* * * since the issue on appeal is one in which the trustee has no direct interest other than being a stakeholder of the trust res, the trustee does not propose to file any brief." Appellant also urges citing West Coast Hospital Association v. Florida National Bank of Jacksonville, Sup.Ct. Fla. 1958, 100 So.2d 807 and Warner v. Florida Bank & Trust Co. at West Palm Beach, 160 F.2d 766 (5th Cir.1947), that the law of Florida provides that Charles Barnett and the other claimants may be entitled to receive from the trust assets reasonable costs of legal services necessarily rendered by their respective *550 attorneys incident to determining whether or not Charles Barnett was the blood issue of William L'Engle and that therefore the trust assets will be depleted by a substantial amount for legal services rendered by the attorneys for the trustee, without the trial court having any information as to the amount of reasonable attorneys' fees necessarily incurred by Charles Barnett and the other claimants.
When a trustee seeks to charge a trust corpus with an expense incurred by him, including attorney fees, the burden of proof is upon the trustee to demonstrate that the expense was reasonably necessary and that such expense was incurred for the benefit of the trust, and not for his own benefit nor the benefit of others.
Our examination of the record reveals that the trustee failed to demonstrate the necessity of a substantial amount of the services rendered by his attorneys and failed to distinguish between services rendered for the trustee and services rendered for the other defendants. As already observed, the trustee finally asserted in his brief that he was only a stakeholder. It is clear that the trustee knew in April of 1968 that there were conflicting claims to the share of the trust estate claimed by appellant and he knew in September of 1968 that the real parties in interest were not going to settle their differences. At the time the trustee filed his complaint for declaratory judgment, the need for substantial additional legal services on the part of the trustee came to an end. All of the claimants being in court, it was not the duty nor prerogative of the trustee to favor one claimant over the other. Certainly the trustee is not entitled to have paid from the trust estate attorneys' fees for services rendered by the trustee's attorneys to other parties to the proceedings.
The crucial question is whether, after filing a suit to determine which of the conflicting claims should prevail, the trustee should have actively continued to participate in the preparation of the pending litigation. While the trustee in his fiduciary capacity was required to do something more than stand on the sidelines and watch, it was not his duty to take a partisan stance and argue the side of one or more of the claimants. In order that the trustee might discharge his fiduciary responsibilities it was his duty to participate in the investigation of the claims, secure relevant documents and procure other evidence. However, sub judice the record reveals that the trustee through the fourth day of the trial at which time his attorney announced "I've done everything I intend to do" actively participated in the litigation, opposed appellant's motion for summary judgment and moved to strike certain defenses.
Although the record before us is inadequate to support a determination by this Court as to which services rendered by the trustee's attorneys were reasonably necessary in their representation of the trustee incident to his duties and responsibilities as trustee, that record does reflect that the trial judge awarded compensation for attorneys' services which were not reasonably necessary to such purpose. Further, services rendered by the trustee's attorneys incident to the preparation of one or more of the defendant's claims may not properly be paid from the trust estate.
Accordingly, we remand the case for further proceedings to determine proper fees to be awarded for the services of the trustee's attorneys consistent with the views expressed herein.
IT IS SO ORDERED.
BOYER, C.J., and RAWLS and MILLS, JJ., concur.
NOTES
[1] Conflict of interest is not urged by appellant. Indeed, during the hearing before the trial judge, appellant's attorney stated: "Now it just happens to be a fact that for eight months the other beneficiaries relied on this firm, the Hadlow-Hudspeth firm to represent them in the case here. I don't fault anybody for that. I'm  I don't mean to say there was such conflicts of interest that it created any problem."
[2] Barnett v. Barnett, Fla.App. 1st 1976, 336 So.2d 1213.