QUESTION:
When s. 737.251, F. S. 1973, provided that in charitable trust proceedings the state attorney shall represent unknown or unascertainable benefiaries of said trust and when said section has been repealed by s. 3, Ch. 74-106, Laws of Florida, does the state attorney have a duty to represent any other group, institution, agency, or entity in a charitable trust proceeding?
Your question is answered in the negative.
Former s. 737.251, F. S. 1973, in pertinent part provided that `[i]n all proceedings under this chapter involving charitable trusts with unknown or unascertainable beneficiaries, the state attorney for the judicial circuit having original jurisdiction of said trust shall be deemed to be the representative of such beneficiaries for all the purposes of this chapter.' This provision was repealed by s. 3 of Ch. 74-106, Laws of Florida, and no other similar provision with respect to the state attorney's duty in relationship thereto is contained in the existing law, part V of Ch. 737, F. S.
Part V of Ch. 737, F. S., governs the administration of charitable trusts and trust proceedings incidental thereto. Section 737.505 provides that the trustee of a private foundation trust or a split interest trust, if it is determined by the trustee that the trust instrument contains provisions concerning the power to make distributions that are more restrictive than s. 737.504(2), or if the trust contains other powers inconsistent with s. 737.504(3), shall notify the state attorney when the trust becomes subject to part V of Ch. 737. Section 737.504 does not apply to any trust for which such notice has been given to the state attorney unless such trust is amended to comply with the terms of part V of Ch. 737. (See ss. 737.506 and 737.507.)
Section 737.506(2), F. S., provides that, in those cases of charitable trusts that are not subject to or governed by subsection (1) of s. 737.506, F. S., providing for the amendment of certain specific trust instruments by the trustee with the consent of designated beneficiary organizations, the trustee may amend the trust instrument to comply with s. 737.504(2), F. S., with the consent of the state attorney.
Section 737.507, F. S., provides in pertinent part that a court may relieve a trustee from any restrictions on his powers and duties placed upon him by the governing instrument or applicable law for cause shown and upon complaint of, among others, the state attorney.
Section 737.508(4)(b), F. S., requires that copies of certain written releases of power to select charitable donees operating to reduce the classes of permissible charitable organizations in whose favor the power is exercisable be delivered to the state attorney. (A release of power to select charitable donees may not be made by the trustee where the creating trust instrument provides otherwise.)
Section 737.509, F. S., provides that a trustee of a trust for the benefit of a public charitable organization, with the consent of that organization, may bring the trust under s. 737.508(5), F. S., relating to releases specifying a public charitable organization as the beneficiary of the trust and the operation of the trust exclusively for the benefit of the specified organization, by filing with the state attorney an election, accompanied by proof of the required consent of the affected charitable organization. Thereafter the trust is subject to ss. 737.508(5) and 737.510, F. S., relating to supervision of the trust administration by the specified public charitable organization.
None of the aforecited sections of the governing statute impose any duty on the state attorney to represent any unknown or unascertainable beneficiaries of any charitable trust in any charitable trust proceeding or any other trust beneficiary or other individual, institution, or entity. With the exception of s. 757.507, F. S., authorizing the state attorney (among others) to file a complaint with the court for the relief of a trustee from restrictions on the trustee's powers and duties placed upon the trustee by the governing trust instrument or applicable law for cause shown, the governing statutes do not in any way operate to make the state a formal or indispensable party to a charitable trust administration or trust proceeding. It may well be that due to the bad faith neglect or refusal of the trustee to make such complaint to the court, or the legal inability or failure or bad faith refusal of an affected beneficiary to file such complaint with the court, in order to bring the matter before the court and activate its equitable power to relieve the trustee from such restrictions in and for the beneficial interest of the charitable cestui que trust, the state, in that sense and for that particular purpose, becomes a party to the trust proceeding on the relation of the state attorney in order to protect the state's interest in public charities and charitable trusts and to insure the application of the assets and moneys of the trusts to the charitable purposes for which they were placed in the trust. Cf. Jordan v. Landis, 175 So. 241, 244 (Fla. 1937); Bradshaw v. American Advent Chritian Home and Orphanage, 199 So. 329, 332
(Fla. 1940); and see Hillsborough County Tuberculosis and Health Association v. Florida Tuberculosis and Health Association,196 So.2d 203 (2 D.C.A. Fla., 1967), holding that nonprofit organizations chartered for charitable purposes are peculiarly within the inherent, original jurisdiction of courts of equity. However, s. 27.02, F. S., pertaining to the duties of the state attorney before the courts, does not in terms impose any such duty upon the state attorney or make the state attorney a party to any such trust proceedings or any other action or proceeding in the courts, including actions or proceedings for declaratory relief pursuant to ss. 86.021, 86.041, and 86.091, F. S.
Since s. 737.507, F. S., operates to authorize the state attorney to file a complaint with the court to relieve the trustee from any restrictions on the trustee's powers and duties contained in the trust instrument or provided by applicable law for good cause shown (presumably, circumstances inimical to of the trust), and ss. 737.505, 737.506, 737.508, and 407.509, F. S.Respectively, provide for or require certain notifications to or the consent of or the delivery of copies of releases to or the filing of certain elections and proofs with the state attorney, as hereinbefore recited, there is an implied if not express authorization for the state attorney to take any action reasonably contemplated by the statute or to inform or to suggest to the court and participate in the proceedings to the extent contemplated by the charitable trusts statute, in order to accomplish and carry out the powers and duties and functions granted to or imposed upon the state attorney by the statute. Basic rules of statutory construction require the assumption that the Legislature intended to empower the state attorney to take such action on the prescribed matters as in the exercise of his sound judgment the circumstances within his knowledge dictate is necessary to effectuate the purposes of part V of Ch. 737, F. S., and serve the purposes of the charitable trust and protect the charitable cestui que trust and the state's interests in such charitable trusts and the application of the trust assets to the charitable purpose for which they were placed in trust by the trust settlor. It is settled in this state that if a statute imposes a duty upon a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for complete exercise or performance of the duty that is not in violation of law or public policy. In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952); State v. Mitchell, 188 So.2d 684 (4 D.C.A. Fla., 1966), decision adopted by the Supreme Court as its ruling and certiorari discharged, Martin v. State, 192 So.2d 281 (Fla. 1966). The ratio decidendi of such cases applies equally well to state attorneys and their aforementioned authority, duty, and function granted to or imposed upon them under part V of Ch. 737 in order to effectuate the purposes thereof. See Peters v. Hansen,157 So.2d 103 (2 D.C.A. Fla., 1963); and cf. AGO 071-399, regarding former part II of Ch. 691, F. S., now part V of Ch. 737, wherein I stated that if notice under former s. 691.15 (now s. 737.505) is given to the state attorney because the trust instrument required the trustee to perform acts prohibited under s. 4942 of the Internal Revenue Code in the case of a trust which is not subject to s. 691.16(1) (now s. 737.506(1)) the trust instrument and the consent of the state attorney thereto as provided for in present s. 737.506(2) might be accomplished by the submission of duplicate copies of the trust instrument and the proposed amendments thereto to the state attorney within a reasonable time for affirmative or negative endorsement by the state attorney. I further held that in case a notice was given to the state attorney pursuant to s. 691.15 (now s. 737.505) because the trust instrument required the trustee to perform acts prohibited under s. 4941, s. 4943, s. 4944, or s. 4945, of the Internal Revenue Code (see s. 737.504[3]), the trust might be amended only by petitioning the court for reformation.
While the state attorney is given authority in charitable trust proceedings to carry out all action reasonably contemplated by the charitable trusts statute, in any such action on the part of the state attorney he would presumably be representing the state or the general interest of the state in public charities and charitable trusts or the indigent beneficiaries of the charitable trust as a general indefinable class of the public or charges upon the public. Such implied or express duties placed on the state attorney by virtue of part V of Ch. 737, F. S., do not require the state attorney to represent any particular trust beneficiary or any other individual, institution, or entity in charitable trust proceedings.
SUMMARY:
The charitable trusts statute (part V of Ch. 737, F. S.) does not impose any duty on the several state attorneys to represent any unknown or unascertainable beneficiaries of any charitable trusts or any other charitable trust beneficiary or other individual, institution, or entity in any charitable trust or in any charitable trust proceeding. However, the charitable trusts statute impliedly authorizes the state attorneys to take any action reasonably contemplated by the statute to inform or suggest to the court and participate in charitable trust proceedings to the extent contemplated by the statute in order to effectuate the purposes of the charitable trusts statute and serve the purposes of a charitable trust and to protect the charitable cestui que trust and the state's general interest in public charities and charitable trusts and the application of the trust assets to the charitable purposes for which placed in the trust by the settlor.
Prepared by: David J. Baron Assistant Attorney General