381 So.2d 1075 (1979)
STATE OF DELAWARE ex rel. Richard S. GEBELEIN, the Attorney General, Appellant,
v.
FLORIDA FIRST NATIONAL BANK OF JACKSONVILLE, Edward Ball, J.C. Belin, T.S. Coldewey, W.L. Thornton, Jacksonville National Bank, T. Edward Austin, Jr., As State Attorney for the Fourth Judicial Circuit of the State of Florida, Alfred duPONT Dent, William B. Mills, and the Nemours Foundation, Appellees.
STATE OF DELAWARE ex rel. Richard S. GEBELEIN, the Attorney General, Appellant,
v.
Edward BALL, J.C. Belin, T.S. Coldewey, W.L. Thornton, William B. Mills, Alfred duPONT Dent, Florida First National Bank of Jacksonville, the Nemours Foundation, a Non-Profit Florida Corporation, and Jacksonville National Bank, Appellees.
Nos. JJ-388, KK-170.
District Court of Appeal of Florida, First District.
April 17, 1979.
Rehearing Denied May 21, 1979.
*1076 John F. Corrigan, of Corrigan, Werber & Moore, Jacksonville, Richard S. Gebelein, Atty. Gen., Vincent J. Poppiti, State Sol., State of Delaware, Wilmington, Del., for appellant.
Fred H. Kent and William L. Durden, of Kent, Sears, Durden & Kent, E. Earl Zehmer, of Bedell, Bedell, Dittmar & Zehmer, T. Edward Austin, Jr., A. August Quesada, Jr., of Wildt, Quesada, Brock & Skinner, Claude Ogilvie, Jacksonville, for appellees.
Robert L. Shevin, Atty. Gen., Randy Schwartz, Asst. Atty. Gen., amicus curiae.
MILLS, Acting Chief Judge.
The Attorney General of Delaware (Delaware) appeals from an order of the trial court dismissing his amended complaint against the trustees of the duPont Trust with prejudice and from an order denying Delaware's motion to intervene in a separate suit involving the duPont Trust. The appeals were consolidated for review.
Alfred I. duPont died testate on 29 April 1935, and his will created the duPont Trust. Under the terms of the trust, after Mrs. duPont's death, the net income of the trust was to be paid over "at convenient intervals" to the Nemours Foundation "for the purpose of maintaining `Nemours' as a charitable institution for the care and treatment of crippled children, but not of incurables, or the care of old men or old women, and particularly old couples, first consideration, in each instance, being given to beneficiaries who are residents of Delaware... ." It was further provided that:
"... if the net income of my estate should in any year exceed the sum or sums sufficient to properly provide for the conduct and operation of said `The Nemours Foundation', ... such surplus income may from time to time be used ... in contributions to other worthy charitable institutions as may be conducted for the care of, or the care and treatment of, or the care and education of crippled children, or the care of old men, or of old women, or of old couples, or any one of such purposes. It is my wish that the people of Delaware needing the care of such institutions shall be properly provided for before contributions are made to institutions of any other state or states... ."
Delaware filed a complaint against the trustees of the duPont Trust as trustees and as members, officers and directors of the Nemours Foundation, and against certain of the trustees individually. The complaint sought injunctive relief, the removal of some of the trustees, the appointment of a temporary trustee, surcharges and other relief. The complaint was dismissed without prejudice for failure to state a cause of action.
Delaware filed an amended complaint. Count I of the amended complaint seeks judicial construction of the trust provisions pursuant to Section 737.201, Florida Statutes (1977), and asks the court to declare among other things that the charitable purpose of the duPont Trust has been defeated. Count II alleges continuing violations of Section 738.12, Florida Statutes (1977), from 1970 to the present by the trustees holding unproductive assets, specifically the *1077 stock in St. Joe Paper Company and shares of Florida National Bank of Florida, Inc. Count III alleges the Trustees' failure to administer the trust diligently for the benefit of the beneficiaries. Count IV alleges conflicts of interest in violation of Section 737.403, Florida Statutes (1977). Count V charges the trustees with willfully subverting the intent of the duPont Trust by refusing the Board of Managers of Nemours' requests for funds when the money is available. Count VI alleges additional wrongful acts of the trustees in order to obtain control of the trust. Count VII alleges that the beneficiaries are suffering irreparable harm as a result of the alleged mismanagement of the trust.
The trial court dismissed the amended complaint with prejudice, holding that Delaware did not have standing to bring the suit. The trial court also pointed out that the amended complaint raised substantially the same questions of law as were raised in the original complaint which was dismissed for failure to state a cause of action.
The first question to be resolved by this appeal is whether Delaware has standing to maintain a suit against the duPont trustees.
Delaware contends that the Attorney General of Delaware, as the lawful representative of Delaware beneficiaries, has standing to maintain a suit to enforce a charitable trust where the trust specifies that the primary beneficiaries are to be residents of Delaware. The Trustees[1] argue that the beneficiaries of a charitable trust have no standing to bring an action to enforce the trust and that only the Attorney General of Florida or a trustee of the trust has the right to enforce charitable trusts being administered in Florida, unless the trust instrument or the Florida Legislature provides otherwise.
As a general rule, only the Attorney General may enforce a charitable trust. Unlike a private trust, where there are identifiable beneficiaries who are the equitable owners of the trust property, the beneficiaries of a charitable trust are the public at large. Whereas beneficiaries of a private trust have the power to maintain a suit to enforce the trust, the public must act through some public official to maintain such a suit.
"The purpose of vesting in some public official such as the Attorney General the exclusive power to begin proceedings to enforce charitable trusts is obvious. The persons affected by such trusts are usually some or all of the members of a large and shifting class of the public. If any member of this class who deemed himself qualified might begin suit, the trustee would frequently be subjected to unreasonable and vexatious litigation. Often no given individual can prove that he will necessarily benefit from the charity. All may be prospective or possible beneficiaries, but no one can be said to be a certain recipient of aid. In ultimate analysis it is the public at large which benefits, and not merely the individuals directly assisted. Obviously, there is good reason for vesting in a single authority the discretion and power incident to the enforcement of such trusts, rather than in leaving the matter to the numerous, changing, and uncertain members of the group directly to be aided." Bogart, Trusts and Trustees, 2d Ed. Revised § 411 (1977).
However, it has been recognized that an entity other than the Attorney General can be a proper party to bring suit to enforce a charitable trust. Trustees have been permitted to bring suit against co-trustees, and persons or organizations having a special interest in a trust or a special status under a trust instrument are considered to have standing to enforce the trust. Bogart, Trusts and Trustees, 2d Ed. Revised, §§ 412, 413, 414 (1977), Fisch, Freed, Schlachter, Charities and Charitable Foundations, §§ 713, 718, 719 (1974); Scott on Trusts, 3d Ed. § 391 (1967). In other areas Florida courts have recognized that a party alleging a special interest, an interest beyond that general interest possessed by *1078 the public at large, has standing to bring suit. See United States Steel Corp. v. Save Sand Key, 303 So.2d 9 (Fla. 1974). The reason for requiring a special interest is the same reason for the general rule that only the Attorney General may bring suit to enforce a charitable trust:
"If it were otherwise there would be no end to potential litigation against a given defendant, whether he be a public official or otherwise, brought by individuals or residents, all possessed by the same general interest... ." Askew v. Hold the Bulkhead-Save our Bays, 269 So.2d 696 (Fla. 2d DCA 1972).
We believe that the people of Delaware have a special interest in the enforcement of the duPont Trust. The terms of the trust give the people of Delaware a special status not enjoyed by the public at large. The Attorney General of Delaware represents the people of Delaware and is the proper party to bring suit on their behalf. We therefore reverse the trial court and hold that the Attorney General of Delaware has standing to maintain this action.
We also hold that the amended complaint states a cause of action. Generally, the complaint alleges activities which indicate that the trustees have violated Section 738.12, that they have failed to administer the trust for the benefit of the beneficiaries and have failed to treat the trust assets as would a prudent trustee, and that Trustees all, Belin, Coldewey and Thornton have conflicts of interest which prevent them from acting in the best interest of the trust.
We affirm the trial court's order denying Delaware's motion to intervene in the Florida First National Bank of Jacksonville v. Austin case. A determination by a trial judge on a motion to intervene should not be disturbed unless it clearly appears that the trial court abused its discretion. Wogisch v. Tiger, 193 So.2d 187 (Fla. 4th DCA 1966).
We remand the State of Delaware v. Ball, et al. case to the trial court for further action consistent with this opinion.
ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] The term "Trustee" refers to Trustees Ball, Belin, Coldewey, Thornton, Florida First National Bank of Jacksonville, Jacksonville National Bank, and The Nemours Foundation. Trustee Dent filed a separate brief supporting Delaware's standing to bring suit.