WENTWORTH, Judge.
This is an appeal from an order denying appellant attorney’s fees for his Florida counsel. Appellant contends the trial court erred in finding no entitlement to reimbursement from the trust, administered by appellees, for attorney’s fees incurred in bringing an action which is alleged to benefit the trust. We find such benefit but affirm for other reasons.
This litigation commenced in 1981 when the Attorneys General of Delaware and Florida alleged that the trustees had violated a 1980 settlement agreement. That settlement agreement was entered into after a previous action was filed by the State of Delaware. In that case, the trial court had dismissed the Delaware Attorney General’s complaint partly based on a conclusion that the Attorney General for the State of Delaware did not have standing to bring the suit. That conclusion was reversed by this court in State of Delaware v. Florida First *1178 National Bank, 381 So.2d 1075 (Fla. 1st DCA 1979). This court found that the people of Delaware had a special interest in the enforcement of the trust, and that the Attorney General of Delaware was the proper party to represent the people of that state. After that decision, the parties entered into the above referenced settlement agreement. The outcome of the current action, which was based on alleged breaches of the settlement agreement, was a finding that the trustees had been undervaluing the fair market value of the trust’s principal asset by approximately $164,000,-000. This finding resulted in a requirement that approximately $5,000,000 in additional income be paid to the beneficiaries. In order to conduct the proceedings in the Florida courts, the Attorney General of Delaware hired private Florida counsel. It is the denial of the motion for attorney’s fees incurred in the “protracted quest to protect the special interests of the Delaware beneficiaries” from which this appeal is taken.
First, appellant argues that the trial court erred in applying to this ease the general rule that an attorney general may not be reimbursed for successfully bringing an action which benefits a charitable trust, even when he retains private counsel. Wemme v. First Church of Christ, 110 Or. 179, 223 P. 250 (1924). The reason for the general rule is that the attorney general has a common law duty to protect and preserve charities in the interest of the public at large, which is unable to bring an action itself. Appellant asserts that in this case he was not representing the public at large (as was the Attorney General of Florida) but was representing a group with a special interest. Appellant also disputes the trial court’s alternate finding that although the litigation benefitted the beneficiaries, it did not benefit the trust. The direct result of the action is that the value of the trust’s asset has been increased by 25%, and appellant asserts that it is plainly wrong to hold that such an increase in value does not benefit the trust.
Appellee argues that the general rule is applicable here because the Attorney General is paid a salary by the State of Delaware to protect the interests of the citizens of Delaware, and that is what he was doing in this case. The rule relied on is that the Attorney General is not entitled to fees when enforcing a charitable trust, and appellant asserts that there are no grounds for an exception in this situation. The complaint in this case alleged that the Attorney General was the representative of Delaware's charitable beneficiaries and “as head of the Department of Justice of the State of Delaware, is charged with protecting the rights of the Delaware beneficiaries under the trust and foundation.” Finally, the trustees argue that the result of the litigation was a benefit only to the beneficiaries, not to the trust. See Barnett v. Barnett, 340 So.2d 548 (Fla. 1st DCA 1977).
To determine whether the cost of an attorney general’s services, rendered for the purpose of enforcing a charitable trust, is reimbursable, we examine the underlying rationale for the attorney general’s power to protect such trusts generally. Clearly, the attorney general is the proper party to protect the interest of the public in insuring that charitable trusts are properly administered. Thus, the Attorney General of the State of Florida was a proper party in this case. In fact, it was the position of the trustees that the Attorney General of the State of Florida was the only proper party. However, that contention was rejected by this court in Delaware v. Florida First National Bank, supra. In that case, this court held that the Attorney General of the State of Delaware was also a proper party because he was representing a special interest of the people of Delaware, in that the trust particularly provides that first consideration be given to beneficiaries (crippled children and old people) who are residents of Delaware. Thus, appellant argues that, unlike the Florida Attorney General, he did not in this suit rely on his general authority to protect the public at large. Even if we assume (without deciding) that such general authority would not ordinarily extend beyond the boundaries of *1179 his state, that authority is not necessarily the exclusive basis for his enforcement of a charitable trust. In Jordan v. Landis, 128 Fla. 604, 175 So. 241 (1937), the Supreme Court noted:
The position of the attorney general is as the representative of the beneficial interest where the beneficiaries are the public at large or an indefinite class of persons ‘who because they constitute an indefinite class, cannot themselves appear in person or constitute an attorney.’
Id. 175 So. at 244. The attorney general’s representative interest is accordingly not limited to the public at large, but extends to protection of the interests of beneficiaries when those beneficiaries are not legally able to protect themselves for the reason noted, supra. That the crippled children and old people of the State of Delaware constitute an indefinite class is an inescapable conclusion, since there is no question that this trust is properly classified as a charitable trust, and benefit to the public or community is a necessary factor for classification as a public trust. See Porter v. Baynard, 158 Fla. 294, 28 So.2d 890 (1946). Generally, of course, the interests of the public at large and the interests of the beneficiaries in seeing that the charitable trust is properly administered will go hand in hand. In this case, the Attorney General’s implicit position is that because the Florida Attorney General was charged with the duty of protecting the interests of the public at large, his participation in the case was not pursuant to his official position as Attorney General of the State of Delaware. This position is incorrect because, as indicated by the above quoted passage in Jordan, the attorney general functions both as a representative of the beneficiaries and the public at large.
Although our determination on the first issue requires affirmance without regard to the further finding that the litigation benefitted only the beneficiaries and not the trust, we note that the trial court has applied too broad an interpretation of Barnett to the facts here presented. In Barnett, an action brought by an individual claiming to be a trust beneficiary was unsuccessful. The defending beneficiaries sought attorney’s fees for their successful defense, but the court reversed the attorney’s fee award insofar as it reimbursed the defendants for services which benefit-ted only the beneficiaries and not the trust. That case is not similar to this, which resulted in a proper valuation of the trust’s assets. It would seem obvious that for purposes of efficient and intelligent as well as lawful administration, the trust benefits by being properly valued. Thus, the trial court erred in finding that the trust did not benefit from the representation. The court’s reason for denying fees was therefore improper, but the denial of fees was nevertheless correct for the reason first above detailed, i.e., because the party claiming fees, the appellant Delaware Attorney General who employed Florida counsel and brought the action in this state, was performing a function of his office for which he is not entitled to fees.
Affirmed.
ERVIN, C.J., and BOOTH, J., concur.