Mr. Alan S. Polackwich, Sr. Attorney for the Indian River County Hospital District 3333 20th Street Vero Beach, Florida 32960-2469
Dear Mr. Polackwich:
On behalf of the Indian River County Hospital District, you have asked for my opinion on substantially the following question:
Is the Indian River County Hospital District authorized to accept donations of money to be used to improve hospital facilities, subject to a condition that if the hospital is ever sold to a for-profit private entity the district shall redirect a designated portion of the donated money to a charitable foundation to be used for other health care projects in the county?
The Indian River County Hospital District (district) is a special district located in Indian River County created by special act to provide health facilities within the county.[1] The district is authorized, among other things, to "construct, purchase, operate, maintain, and lease, as lessee or lessor," health care facilities to provide health and medical services to the people of the district.[2] The health facilities of the district are to be operated "for the preservation of the public health, and for the public good and for the use of the public of the district."[3] Pursuant to section 19 of the district's charter, a significant aspect of the hospital's service is caring for the indigent sick of the district:
"Each hospital and clinic established under this act shall be for the use and benefit of the indigent sick who have resided in such County for not less than 1 year next preceding application for admission for treatment. Such residents shall be admitted to such hospital and clinic and be entitled to medical care without charge, subject to the rules and regulations prescribed by said board of trustees . . ."
While the board may extend the benefits of the district's facilities to nonresidents, "the indigent residents of the district wherein such hospitals and clinics are located shall have the first claim to admission."[4]
Pursuant to the charter, the board of trustees is authorized to "enter into contracts or agreements for the purpose of operating and managing any such health facilities in or through which the district provides health and medical services."[5] Generally, a governing body may not enter into contracts that extend beyond the term of office of the members if the subject matter of the contract is governmental, but can enter into such contracts if the subject matter is proprietary and the contract is reasonable in its term.[6] However, the contractual power of the Indian River Hospital Board is extended to include the authority for board members to "make contracts extending beyond their terms of office."[7]
The board of trustees is empowered to sell real or personal property "or other portions of any health facilities" as the district determines are no longer useful in connection with the health facilities and the health and medical services provided therein.[8] However, the charter requires the district to hold a referendum for the electors of Indian River County to express their approval or disapproval of any proposed sale of hospital facilities. The result of the referendum is binding.[9]
The charter also makes provision for donations to the district. Section 21 provides:
"Any person or persons, firm, organizations, corporations, or society, public or private, municipal corporations, or municipalities desiring to make donations of money, personal property, or real estate for the benefit of such hospital, for the creation of a memorial or an endowment, or for any other purpose shall have the right to vest title of the money, personal property, or real estate so donated in said board of trustees to be controlled when accepted by the board of trustees of said hospital according to the terms of the deed, gift, devise, or bequest of such property."
You have asked whether these provisions would authorize the district to accept donations to be used to improve hospital facilities with the condition that if the hospital is sold in the future to a for-profit private entity, some or all of the donated funds would be repaid. According to your letter, the moneys repaid would be directed to a charitable foundation to be used for other health care projects in the county.
I am not aware of any statutory restriction on the donation of funds that would prevent the hospital district from accepting donations under such a condition. The board of trustees is authorized by the district's charter to accept donations and to enter into contracts. These contracts may extend beyond the term of office of all sitting board members. The board of trustees is authorized "to expend district funds for any purposes related to or supportive of the authorized activities of the district." Thus, the board has authority under the clear provisions of the charter to make payments of district funds to further the activities of the district. Assuming that the board of trustees makes a determination that accepting a donation under these circumstances is "supportive of the authorized activities of the district," I am of the opinion that the board may accept such a donation. I would note that the charter itself provides that "no warrant shall be drawn or issued against funds of the district except for a purpose authorized by this act."[10]
Further, a provision whereby a reallocation of previously donated funds is made to a charitable foundation to be used for other health care projects in the county would not appear to implicate Article VII, section10, Florida Constitution. Article VII, section 10, Florida Constitution, prohibits the state, a county, school district, municipality, special district, or agency thereof, from lending or using its taxing credit to aid any private corporation, association, partnership or person. The purpose of this constitutional provision and its predecessor under the 1885 Constitution, Article IX, section 10, Florida Constitution (1885), is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most incidentally benefited."[11]
When a public purpose is involved, the courts have recognized the authority of a local government to accomplish that purpose through the medium of a not-for-profit corporation.[12] For example, this office in Attorney General Opinion 96-90 concluded that the Indian River County Hospital District was authorized to lease its unimproved real property on a long-term basis for nominal consideration to a not-for-profit corporation to be used to construct and operate a hospice house for the benefit of district residents.
Under the scenario you have described, no public property would be placed in jeopardy by the reallocation of donations. The purpose of the original donation to the district would appear to be served by the redirection of these moneys to a charitable foundation to be used for other healthcare projects in the county. Accordingly, it would appear that the district, in honoring the provisions of a donation under the conditions you have described, would not violate the provisions of Article VII, section 10, Florida Constitution.
Consideration of the advisability and procedure for accepting donations with such a condition is not within the scope of this office's authority. Your correspondence raises a number of concerns in this regard, including the ability of the board to accomplish the redirection of donated funds and the repayment of any outstanding bond issue at the time of a future sale of the district's facilities. These are factual and policy issues that must be resolved by the board of trustees prior to accepting such conditional donations.
In sum, it is my opinion that the Indian River County Hospital District is authorized to accept donations of money to be used to improve hospital facilities, subject to a condition that if the hospital is sold in the future to a for-profit private entity the district shall redirect a designated portion of the donated money to a charitable foundation to be used for other health care projects in the county.[13]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, Ch. 2003-382, Laws of Florida, which codified all the special laws relating to the district into the district's charter.
[2] Section 2, Ch. 2003-382, Laws of Florida.
[3] Id.
[4] Section 19, Ch. 2003-382, Laws of Florida.
[5] Section 2.1.(1), Ch. 2003-382, Laws of Florida.
[6] See, Op. Att'y Gen. Fla. 99-51 (1999) discussing this rule and its application.
[7] See, s. 4, Ch. 2003-382, Laws of Florida.
[8] Section 2.1.(4), Ch. 2003-382, Laws of Florida.
[9] See, s. 2.1.(6), Ch. 2003-382, Laws of Florida.
[10] Section 13.(2), Ch. 2003-382, Laws of Florida.
[11] See, Bannon v. Port of Palm Beach District, 246 So.2d 737, 741
(Fla. 1971). And see, Bailey v. City of Tampa, 111 So. 119, 120 (Fla. 1926).
[12] See, e.g., Burton v. Dade County, 166 So.2d 445 (Fla. 1964), in which the court upheld a county plan to construct a planetarium on county-owned property which would be operated by a not-for-profit corporation.
[13] I would note that the Attorney General of Florida has taken the legal position that 501(c)(3) not-for-profit hospital corporations are public charities and their accumulated assets are considered community assets to which charitable trust legal principles apply. This position reflects the principle enunciated in the Restatement of Trusts, Second Edition, section 348:
"Ordinarily the principles and rules applicable to charitable trusts are applicable to charitable corporations. Where property is given to a charitable corporation without restrictions as to the disposition of the property, the corporation is under a duty, enforceable at the suit of the Attorney General, not to divert the property to other purposes but to apply it to one or more of the charitable purposes for which it is organized. Where property is given to a charitable corporation and it is directed by the terms of the gift to devote the property to a particular one of its purposes, it is under a duty, enforceable at the suit of the Attorney General, to devote the property to that purpose . . ."
In sum, charitable contributions are held in trust for their charitable purposes. Such trusts are enforceable by the Attorney General. See, e.g.,Fenske v. Coddington, 57 So.2d 452 (Fla. 1952); Jordan v. Landis,175 So. 241 (Fla. 1937); State ex rel Landis v. S. H. Kress Co.,155 So. 823 (Fla. 1934); State of Delaware ex rel. Gebelein v. FloridaFirst National Bank of Jacksonville, 381 So.2d 1075 (Fla. 1st DCA 1979);Hillsborough County Tuberculosis Health Association v. FloridaTuberculosis Health Association, 196 So.2d 203 (Fla. 2d DCA 1967); 9 Fla. Jur.2d Charities s. 4. See also, Banner Health System v. Long,663 N.W.2d 242 (S.D. 2003) (including a general discussion of charitable trust principles and enforcement by the South Dakota Attorney General).